PHILADELPHIA UNDERWRITERS, INSURANCE COMPANY OF NORTH AMERICA AND THE FIRE INSURANCE ASSOCIATION OF PHILADELPHIA, CORPORATIONS UNDER THE LAWS OF THE STATE OF PENNSYLVANIA, *Plaintiffs in Error,* v. MARY B. BIGELOW AND HER HUSBAND, A. G. BIGELOW, *Defendants in Error.*

1. Where the burden of proof is on the plaintiffs, and, on the issues made, the evidence is not legally sufficient to sustain a judgment for the plaintiffs, and a judgment for the defendants is rendered, the trial court is not justified in granting a new trial on the ground that the findings of fact upon which the judgment was rendered were contrary to the evidence or not supported thereby.

2. If an agent who issues an insurance policy containing provisions as to other insurance on the property knows of the existence of a policy giving other insurance on the property, and such knowledge of the agent is a waiver by the company of the

provisions of its policy relating to other insurance as to the policy of which the agent has knowledge, there is no waiver as to a policy of the existence of which it is not shown that the agent had any knowledge.

3. Where a policy of insurance contains the following among its provisions: "This entire policy unless otherwise provided by agreement endorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance whether valid or not, on property covered in whole or in part by this policy," *Held*: that the words and characters "$——x——Total concurrent insurance permitted," contained on a slip attached to the policy, do not of themselves give permission for any additional insurance, that they are not an endorsement of an agreement for other insurance, and that they are not a waiver of the provisions of the policy as to other insurance.

4. Where the answer "yes," to the question "are the policies concurrent?" is given in a daily report of the agent to insurance companies when an insurance policy is issued, *Held*: that the said answer did not of itself, nor when taken in connection with other portions of the particular report, convey to the companies information that other policies of insurance on the property were in existence.

5. Where upon an examination of the testimony in a case the appellate court holds that the trial court was not justified in granting a new trial on the ground that the findings of fact upon which the judgment was rendered were contrary to the evidence or not supported thereby, the order granting a new trial will be reversed and the cause remanded with directions to enter final judgment upon the findings of fact, unless a motion in arrest of judgment, or for judgment *non obstante veredicto* shall be made and prevail in accordance with section 1267 of the Revised Statutes of 1892.

This case was decided by Division B.

Writ of error to the Circuit Court for Marion county.

The facts in the case are stated in the opinion of the court.

*A. W. Cockrell & Son* for plaintiffs in error.

VOL. 48, JUNE TERM, 1904.          107

Phila. Underwriters' Ins. Co. *et al.* v. Bigelow.—Opinion of Court.

*R. L. Anderson* for defendants in error.

WHITFIELD, J.—This is a writ of error taken from an order granting a new trial in a cause in the Circuit Court for Marion county, wherein a judgment for the defendants was rendered in a suit brought by Mary B. Bigelow and her husband, A. G. Bigelow, against the plaintiffs in error. The declaration alleges that the defendant companies issued to the plaintiff, Mary B. Bigelow, a policy of insurance for six hundred dollars on certain described personal property for one year from September 1st, 1900, to September 1st, 1901, and that the property was destroyed by fire May 3rd, 1901. A demurrer to the declaration was overruled and the defendant companies filed pleas raising several issues; but for the purposes of this decision only the second plea and the substituted replication allowed by the court to be filed thereto will be given. Second plea: "The insured had procured another contract of insurance on property covered by the policy sued on and such other contract existed prior to, at and after the time of the making and delivery of said policy, without any provision therefor being endorsed on or added to said policy." The substituted replication to the second plea was sustained on demurrer thereto, and is as follows: "That the value of said property as insured was, on the first day of September, 1900, and at the time of the occurrence of said loss by fire, $3,743.00, which fact was at said times well known to defendants; that at the time of the making of the policy sued on there existed upon said property other insurance, to-wit: A certain policy in the sum of $600 issued to plaintiff, Mary Bigelow, by the London & Lancashire Insurance Company, and a certain other policy in the sum of $1,000.00 issued to said plaintiff by the Hamburg-Bremen Fire Insurance Company; that after the issuance of the policy here sued on, no other insurance on said property was ever effected or procured, that the defendants at the time of making the policy sued on well knew of said other insurance; that the defendants had

knowledge of all the facts above pleaded and received, accepted and retained the premium upon their said policy, and made no objection to such other insurance, and took no action to cancel their said policy because of said other insurance, and did not until after the beginning of this suit, claim or give notice to plaintiffs that their said policy was worthless and invalid, on account of the existence of such other insurance." Issue was joined on this replication.

By agreement the cause was heard by the court, a jury having been waived. The court found that the second plea of the defendants was sustained and judgment was entered for the defendants. Afterwards the plaintiffs' motion for a new trial, based on the ground that the findings were contrary to the evidence, was granted by the court, and the defendants took this writ of error from the order granting a new trial as authorized by section 1267 of the Revised Statutes of 1892. Among the assignments of error is one that the court erred in granting a new trial.

Where the burden of proof is on the plaintiffs, and on the issues made, the evidence is not legally sufficient to sustain a judgment for the plaintiffs, and a judgment for the defendants is rendered, the trial court is not justified in granting a new trial on the ground that the findings of fact upon which the judgment was rendered were contrary to the evidence or not supported thereby. *Bishop v. Taylow,* 41 Fla. 77, 25 South. Rep. 287; *Farrell v. Solary,* 43 Fla. 124, — South. Rep. —.

The insurance policy sued on contains the following among its provisions: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy." Attached to and forming a part of the policy is a slip signed by "Groover & Co." on which is the following: "$——x——Total concurrent insurance permitted."

The proofs show that the policy sued on was issued by the firm of Groover & Co., consisting of E. A. Groover and Gordon Williams, dated September 1, 1900, to expire September 1, 1901, covering the property, and that the property was destroyed by fire May 3rd, 1901.

There is no pretense in the evidence that Williams knew of additional insurance, nor is there any positive testimony that Groover knew of it. It was sought to trace knowledge to him through circumstantial evidence. The plaintiffs do not claim that Groover was notified by them of the existence of other insurance, nor that they requested a permit for additional insurance. It is shown that a policy covering the same property was issued by Haynes & Groover for the London & Lancashire Fire Insurance Company for $600 for the period from February 4, 1898, to February 4, 1901, and that E. A. Groover was a member of the firm of Haynes & Groover, agents for the London & Lancashire Fire Insurance Company, when the policy was issued. It is also shown that there was a policy issued September 1, 1900, by the Hamburg-Bremen Insurance Company on the same property for $1,000. There was in evidence a letter dated March 22, 1900, written to Mary A. Bigelow by Groover & Co., saying: "We have resigned the agency of the Hamburg-Bremen Insurance Co., and your household furniture is insured in this company under policy No. 3256 for $600. This policy expires September 1, 1900, and at expiration we will renew the insurance for you in another larger, stronger and more liberal company." The daily report of the agents who issued the policy sued on, which report was made to the defendant companies bearing date September 1, 1900, shows, among other things, the following: "$——Total concurrent insurance permitted." "Additional insurance $——." "Are the policies concurrent? Yes."

E. A. Groover testified that at the time the policy sued on was issued he did not know of any other policy of insurance on the property. He specifically testified that he did not

know of the existence of the London & Lancashire policy, but admitted that it may have been issued from his office. Groover also testified that he had no information at the time that Mr. Bigelow had renewed the policy in the Hamburg-Bremen Company which expired September 1, 1900, the day the policy sued on was issued, and that he did not learn of it until after the fire.

It is contended for the insured that as the London and Lancashire policy was issued by Haynes & Groover, and as Groover also knew of the Hamburg-Bremen policy which expired the day the policy sued on was issued, that this knowledge of the agent was a waiver by the defendant companies of the provisions of their policy as to other insurance. If it be conceded that Groover knew of the London & Lancashire policy, and that this knowledge of the agent as to the existence of the London & Lancashire policy was a waiver by the defendant companies of the provisions of their policy as to other insurance on the property, so far as this policy is concerned there is no showing that Groover, who as agent for the defendant companies, issued the policy sued on, had any knowledge of the Hamburg-Bremen policy. It is shown that Groover knew of a Hamburg-Bremen policy for $600 which expired on the day the policy sued on was issued, but it is not shown that Groover knew of the Hamburg-Bremen policy for $1,000 mentioned in the plaintiffs' replication. It is clear, therefore, that if the knowledge of the agent as to the existence of another policy of insurance is a waiver by the companies as to that policy, in this case it is not proven that the agent knew of the $1,000 Hamburg-Bremen policy, and as to that policy at least, there is no such waiver shown.

It is also contended that the words and characters "$——x——Total concurrent insurance permitted," contained on a slip attached to the policy, show that concurrent insurance was meant to be allowed; or was known to exist, but the *amount* of the same was omitted or not specified, and therefore waived by the company; and that if this is

VOL. 48, JUNE TERM, 1904. 111

Phila. Underwriters' Ins. Co. *et al.* v. Bigelow.—Opinion of Court.

inconclusive, that the report made by the agents to the companies in which to the question "are the policies concurrent?" the answer "Yes," is given, conclusively shows that upon receipt of this report the companies were thereby informed that there were other policies of insurance on the property; and failure to object was a waiver on the part of the companies of the provisions of their policy as to other insurance. The words and characters "$——x——Total concurrent insurance permitted," do not of themselves give permission for any additional insurance, they are not an endorsement of an agreement for other insurance, and they are not a waiver of the provisions of the policy as to other insurance; and the answer "Yes," to the question "are the policies concurrent?" as it appears in this case in the daily report of the agents to the companies, did not of itself, nor when taken in connection with other portions of the report in this case, convey to the companies information that other policies of insurance on the property were in existence. Even if the knowledge of the agent Groover as to the existence of the $600 London & Lancashire policy when the policy sued on was issued is a waiver by the companies as to the London & Lancashire policy, it is not shown that the agent Groover had any knowledge of the $1,000 Hamburg-Bremen policy, and as there is no showing that the provisions of the policy sued on, as to other insurance were complied with in regard to the Hamburg-Bremen policy and no waiver thereof is shown, the second plea of the defendants is sustained, and the plaintiffs are not entitled to recover on the policy.

The evidence in this case is not legally sufficient to sustain a finding and judgment for the plaintiffs, consequently the judgment for the defendants is proper, and the trial judge was not justified in granting a new trial.

The order granting the new trial is reversed at the cost of the defendants in error, and the cause is remanded with directions to the Circuit Court to enter final judgment for the defendants upon the findings of the court, unless a

motion in arrest of judgment, or for judgment *non obstante veredicto* shall be made and prevail.

CARTER, P. J., and SHACKLEFORD, J., concur.

TAYLOR, C. J., and HOCKER, J., concur in the opinion.

COCKRELL, J., being disqualified, took no part in the consideration of this case.