MRS. MATTIE H. HAVERLY *v.* WESTCHESTER FIRE INS. Co.

(*Knoxville.* September Term, 1917.)

1. **INSURANCE. Additional insurance. Knowledge of agent. Effect.** ·

A fire insurance policy provided that it should be void unless otherwise provided by agreement indorsed thereon or added thereto if insured should procure other insurance, and that no officer or agent should have power to waive any provision or condition thereof except such as by the terms of the policy might be the subject of agreement indorsed thereon or added thereto, and not then unless the waiver should be written upon or attached to the policy. *Held*, that where the agent issuing the policy subsequently issued another policy covering the same property, as agent of another company, the first policy was thereby avoided, in the absence of any agreement by him to indorse on the first policy a consent to the additional insurance. (*Post, pp.* 560, 561.)

Case cited and approved: Insurance Co. v. McCrea, 76 Tenn., 541.

2. **Insurance. Additional insurance. Consent. Authority of agent.**

One who had formerly been the agent of a fire insurance company, but who had ceased to be its agent, had no power to consent to additional insurance or to indorse such consent on a policy issued by him while agent. (*Post, pp.* 560, 561.)

FROM KNOX

Appeal from the Chancery Court of Knox County.— WILL D. WRIGHT, Chancellor.

BROWN & ANDERSON, for appellant.

CORMICK & FRANTZ, McCONNELL, & SEYMOUR, for appellee.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

This suit was brought to recover on a policy of insurance of $2,500 issued to the complainant by the Southern States Fire & Casualty Insurance Company, on her dwelling house, which was subsequently destroyed by fire. The policy stipulated the insurance value of the building was $2,500. The policy contained on its face the following:

"This policy is made and accepted subject to the foregoing stipulations and conditions, and to the following stipulations and conditions printed on back hereof, which are hereby specially referred to and made a part of this policy, together with such other provisions, agreements, or conditions as may be indorsed hereon or added hereto; and no officer, agent, or other representative of this company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto; and as to such provisions and conditions no officer, agent, or representative shall have such power or be deemed or held to have waived such provisions or conditions unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or

permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached.''

Printed on the back of the policy was this condition:

''This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy.''

This policy was issued by W. D. Kenner at Rogersville, Tenn., who was agent of the company. Subsequent to the issuance of the policy—that is about October 13, 1913—the company ceased doing business and reinsured its risks in the Great Southern Fire Insurance Company. Later still, when the last mentioned company quit business, the insured company reinsured its risks in the Henry Clay Insurance Company, and later still in the Westchester Fire Insurance Company. The Southern States Fire & Casualty Insurance Company, however, seems to have issued a policy as late as 1914; nevertheless it had ceased business by February 2, 1915, and Mr. Kenner was no longer its agent, except in so far as concerned the collection of premiums on policies that had already been issued and the winding up of odds and ends of unfinished business. After this time—that is, on May 8, 1915—the Continental Insurance Company of New York, through W. D. Kenner as its agent at Rogersville, issued another policy to

complainant for $4,900, $2,500 of which was on the dwelling house and the rest on household furniture, barn, horses, and vehicles.

The defendant in the present suit insists that this additional insurance avoided the policy sued on under the clause which we have quoted on the subject of the taking of additional insurance.

It seems to us impossible to escape this conclusion. Even if Mr. Kenner had still been agent of the Southern States Fire & Casualty Insurance Company, and through its transactions with the reinsuring companies could be held to be their agent also, we are unable to see how the subsequent issuance of another policy by him as agent of another company could fail to avoid the first-mentioned policy. This case is not like that of *Insurance Co.* v. *McCrea,* 8 Lea, 541, wherein it appeared an agent who represented both insurance companies had agreed to indorse the additional insurance upon the policy, and the insured was ready and offered to produce the policy that the indorsement might be made, but the agent suggested that, for convenience, the indorsement be postponed to a later date, and in the meantime the property was destroyed by fire. In the case before us there was no agreement at all to make such indorsement. Moreover, in the present case it appears that Kenner was not at the time the agent of the Southern States Fire & Casualty Insurance Company. Therefore in no event had he the power to consent to the additional insurance, or to make indorse-

Haverly v. Fire Ins. Co.

ment thereof on the policy now sued on. It is immaterial that he had formerly been agent of the company, and as such had issued the policy.

The result is that the decree of the chancellor dismissing the bill must be affirmed, with costs.