ADJUSTMENT BUREAU TAMPA ASSOCIATION OF CREDIT MEN, A CORPORATION, *Plaintiff in Error*, v. EQUITABLE FIRE AND MARINE INSURANCE COMPANY, A CORPORATION, *Defendant in Error*.

Opinion Filed March 24, 1924.

This case was decided by Division B.

A fire insurance policy contained the following provisions:
"This insurance is affected subject to the following conditions which are hereby made warranties by the assured, and are accepted as part of this contract:

"Total insurance permitted, warranted, concurrent herewith, including this policy, as follows:

$........ on stock; $........ on furniture and fixtures; $........ on ....................

"It is understood and agreed that no insurance in addition is permitted to this policy unless the total insurance, including this policy, is entered in paragraph above."

"This entire policy, unless otherwise provided by agreement indorsed hereon or added thereto, shall be void if the insured now has, or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy."

The blank spaces in the concurrent insurance clause were not filled in. *Held*: That knowledge of the insurer of other

insurance upon the property insured at the time of the issuance of the policy with the omission to insert in the concurrent or additional insurance clause of the policy the amount, or that no additional concurrent insurance is permitted, is not, *as to policies subsequently issued* upon the property *of which the insurer had no notice*, a waiver nor is the insurer as to such policies, because of the omission to fill in the blank spaces in the concurrent insurance clause, estopped from asserting or relying upon the express provisions of the policy that "no insurance in addition is permitted to this policy unless the total insurance, including this policy, is entered in paragraph above," (meaning the additional concurrent insurance clause) and declaring the policy to be void if the insured "shall hereafter make or procure" any other contract of insurance on the property covered unless provided by agreement endorsed on the policy.

A Writ of Error to the Circuit Court for Pinellas County; M. A. McMullen, Judge.

Affirmed.

*Jackson & Dupree, Kelly & Sutton,* and *W. C. Brooker,* for Plaintiff in Error;

*Mabry, Reaves & Carlton,* for Defendant in Error.

WEST, J.—This is an action by the assignee of the assured on a fire insurance policy issued by the Equitable Fire and Marine Insurance Company, a corporation, the defendant, in favor of the Largo Hardware Company, a corporation. The declaration is in the statutory form.

The plea by which the decisive question is presented admits the issuance of the policy sued on, dated December 3, 1920, admits that the insurer at the time of the issuance of the policy knew that the assured, Largo Hardware Company, then had on its stock of merchandise

covered by the policy other insurance in the Southeastern Hardware Fire Insurance Exchange aggregating $3,000, but denies that the assured had any other or further insurance of which defendant had knowledge, and avers that the assured on February 7, 1921, obtained additional insurance on its stock of merchandise in the National Union Insurance Company amounting to $3,000, in violation of the terms of the policy sued on expressly prohibiting additional insurance, the effect of which was to render the policy null and void.

For replication to this plea the plaintiff says: First, that the defendant, when it issued the policy sued on, dated December 3, 1920, knew that there was then in effect on the stock of merchandise of the assured other insurance as stated in the plea, and alleges that although the defendant had knowledge of said insurance it did not limit in the policy issued by it the amount of concurrent insurance permitted on said stock of merchandise, and plaintiff says that the defendant, having issued the policy sued on with knowledge of the existence of other insurance upon the property insured, is estopped to plead the violation of the terms of the policy forbidding the assured to procure additional insurance; and second, that the defendant, when it issued the policy sued on, had knowledge that the assured then had in effect upon said stock of merchandise additional insurance, as averred in the plea, and having such knowledge, acquiesced in and consented to the additional insurance then in effect upon the property and waived any right which it might have had and is estopped to claim that the clause in the policy providing for additional insurance has been violated by the assured.

To these replications demurrers were interposed which, upon a hearing, were sustained. Counsel for plaintiff

declined to amend the replications. Other pleas and replications were withdrawn, whereupon judgment was entered against the plaintiff in favor of the defendant upon the demurrers to the replications to the plea. Plaintiff took writ of error.

In the brief of plaintiff in error it is said that the sole question presented is whether or not the insurer has waived objections to the violation of the concurrent insurance clause of the policy and is estopped to plead as a defense to the action on the policy the violation of the provisions of such policy prohibiting the assured from procuring other insurance.

The policy sued on is made a part of the declaration. It contains the following provisions:

"This insurance is affected subject to the following conditions which are hereby made warranties by the assured, and are accepted as part of this contract:

"Total insurance permitted, warranted, concurrent herewith, including this policy as follows:

$.................... on stock; $.................... on furniture and fixtures; $.................... on ....................................................................................................

"It is understood and agreed that no insurance in addition is permitted to this policy unless the total insurance, including this policy, is entered in paragraph above."

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy."

It is contended on behalf of plaintiff in error that because the blank spaces in the concurrent insurance clause are not filled in, the amount of concurrent insurance permitted is not limited by the policy and that the insurer is estopped to deny the validity of insurance obtained by

the assured subsequent to the issuance of the policy sued
on.   The reply of the defendant in error is that while it
concedes that it must be held to have waived any right to
question the validity of insurance existing upon the prop-
erty insured at the time of the issuance of the policy sued
on *of which it had knowledge,* it did not waive and is not
estopped to deny the validity of insurance *subsequently
obtained of which it had no knowledge* and which is ex-
pressly forbidden by the language of the policy.

In Philadelphia Underwriters' Ins. Co. v. Bigelow, 48
Fla. 105, 37 South. Rep. 210, the court said: ''It is also
contended that the words and characters '$..............x..............
Total concurrent insurance permitted,' contained on a slip
attached to the policy, show that concurrent insurance
was meant to be allowed; or was known to exist, but the
*amount* of the same was omitted or not specified, and
therefore waived by the company; and that if this is in-
clusive, that the report made by the agents to the com-
panies in which to the question 'are the policies concur-
rent?' and answer 'Yes,' is given, conclusively shows that
upon receipt of this report the companies were thereby
informed—that there were other policies of insurance on
the property; and failure to object was a waiver on the
part of the companies of the provisions of their policy as
to other insurance.   The words and characters '$..........x...........
Total concurrent insurance permitted,' do not of them-
selves give permission for any additional insurance, they
are not an endorsement of an agreement for other insur-
ance, and they are not a waiver of the provisions of the
policy as to other insurance; and the answer 'Yes,' to
the question 'are the policies concurrent?' as it appears
in this case in the daily report of the agents to the com-
panies, did not of itself, nor when taken in connection
with other portions of the report in this case, convey to

the companies information that other policies of insurance on the property were in existence. Even if the knowledge of the agent Groover as to the existence of the $600 London & Lancashire policy when the policy sued on was issued is a waiver by the companies as to the London & Lancashire policy, it is not shown that the agent Groover had any knowledge of the $1,000 Hamburg-Bremen policy. and as there is no showing that the provisions of the policy sued on as to other insurance were complied with in regard to the Hamburg-Bremen policy and no waiver thereof is shown, the second plea of the defendants is sustained, and the plaintiffs are not entitled to recover on the policy.''

Upon the authority of that case knowledge of the insurer of other insurance upon the property insured at the time of the issuance of the policy, with the omission to insert in the concurrent or additional insurance clause of the policy the amount or that no additional concurrent insurance is permitted, is not, *as to policies subsequently issued* upon the property *of which the insurer had no notice*, a waiver, nor is the insurer as to such policies estopped from asserting or relying upon the express provisions of the policy that ''no insurance in addition is permitted to this policy unless the total insurance, including this policy, is entered in paragraph above,'' (meaning the additional concurrent insurance clause) and declaring the policy to be void if the assured ''shall hereafter make or procure'' any other contract of insurance on the property covered unless provided by agreement endorsed on the policy.

In Eagle Fire Co. v. Lewallen & Co., 56 Fla. 246, 47 South. Rep. 947, ''the other additional insurance was procured and notice thereof was given to the agent'' of the insurer. The agent did not communicate to his company

knowledge of the other or additional insurance until after the loss, but notice to the agent was held to be notice to the company.

The judgment is affirmed.

WHITFIELD, P. J., AND TERRELL, J., concur.

TAYLOR, C. J., AND ELLIS AND BROWNE, J. J., concur in the opinion.