## NATIONAL UNION FIRE INSURANCE COMPANY v. REINHOLD MENKE.

[No. 41, January Term, 1934.]

*Decided April 4th, 1934.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, and PARKE, JJ.

*Walter C. Capper* and *James M. Guiher,* with whom were *Jones & Dawson* and *Steptoe & Johnson* on the brief, for the appellant.

*William R. Offutt* and *Albert A. Doub, Jr.,* with whom was *Asa T. Matthews* on the brief, for the appellee.

URNER, J., delivered the opinion of the Court.

The appellant fire insurance company, by its policy dated September 20th, 1932, and issued through its agent at Oakland, Maryland, insured the appellee for the period of one year against loss or damage by fire to his dwelling house and chattels therein contained. The amount of the insurance was $1,300 on the house and $500 on the contents.

Included in the policy are the following clauses: "It is provided, however, that this policy shall be void while the insured shall have any other contract of insurance, whether valid or not, upon such property, not permitted in writing hereon." "This entire policy, unless otherwise provided by agreement indorsed hereon, or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy."

On December 14th, 1932, the appellee obtained additional insurance of $1,700 on his dwelling and $1,000 on his furniture and musical instruments, under policies issued by other companies. No consent by the appellant to the other insurance was indorsed upon or added to the policy first procured and made the basis of this suit. On January 2nd, 1933, the appellee's dwelling and its contents were destroyed by fire. At the trial of this suit on the policy issued by the appellant, one of the defenses was that the policy had been nullified by the violation of the provisions relating to additional insurance. This defense was overruled upon the theory that those provisions had been waived. The trial court likewise held unsustainable a defense founded upon a clause declaring the policy void if the interest of the insured in the designated property were other than unconditional and sole own-

ership. The case was submitted to the jury upon the issue raised by the further defense that the insured intentionally set fire to his dwelling. A verdict was rendered in favor of the plaintiff for $1,649.05, and from the judgment on that verdict the defendant has appealed.

The theory that there was a waiver of the provision, avoiding the policy sued on if additional insurance were procured without the consent of the defendant indorsed on the policy, is based upon testimony which it was agreed at the trial would be given by the agent representing the other companies if he were present in court. That agreement was made subject to the defendant's objection that the testimony was inadmissible. According to the stipulation, the agent providing the additional policies would testify that he obtained them for the insured at the request of the defendant's agent. The objection to such testimony was overruled. Its sufficiency to prevent the defendant's reliance upon the provisions which would otherwise avoid its policy issued to the plaintiff is disputed by exceptions to the admission of such evidence and to the refusal of a proposed instruction that the verdict should be for the defendant because uncontradicted evidence proved that the policy provisions in regard to additional insurance had been violated.

It is provided by the policy in suit that "no officer, agent or other representative of this Company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement endorsed hereon or added hereto; and as to such provisions and conditions no officer, agent or representative shall have such power or be deemed to have waived such provisions or conditions unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached." A similar provision was under consideration by this court in *Rhode Island Ins. Co. v. Phelps,* 141 Md. 362, 118 A. 749, 752. In that case there was a question as to whether the "iron safe clause" in a fire

insurance policy had been waived. After citing Maryland cases in which it was held that restrictions upon the power of agents to waive policy provisions do not apply to conditions relating to the inception of the contract, but to those affecting its subsequent operation, the court said: "Now, allowing the evidence relied on by the appellee the most liberal construction of which it is susceptible, it all relates to what was said by the insured and the company's agent at the time the policy was executed in reference to the performance by the insured of the terms and conditions of the policy that were to be complied with after it went into effect, and under the provision of the policy limiting the power of the agent to waive its conditions, and the Maryland decisions to which we have referred, it was clearly not sufficient to establish a waiver of the requirements of the iron safe clause of the contract."

In *Bitting v. Home Ins. Co.*, 161 Md. 56, 155 A. 329, 333, the defendant filed a plea to the effect that, according to the terms of the policy, there was no liability on it while the insured tobacco was incumbered by a chattel mortgage, unless otherwise provided by an agreement in writing added to the policy, and that, as therein provided, no one should have power to waive any of its conditions except by a waiver in writing added thereto, and that the insured property was at the time of the fire incumbered by a chattel mortgage, but there was not added to the policy any written agreement or waiver affecting the defendant's right to rely on the conditions stated. In a replication to the plea, it was alleged by the plaintiff that, when the policy was issued, he was assured by the agent of the insurer that he would be permitted under the policy to obtain a loan to be secured by chattel mortgage on the insured tobacco; and that it was subsequently thus incumbered in reliance upon that assurance. A demurrer to the replication was held on appeal to have been properly sustained. It was said in the opinion, by Judge Offutt, that there was nothing in the replication "to suggest that the agent by word or act led the plaintiff to believe that he need not read or examine the polciy when it was delivered to him

and in his possession, or inform himself of its contents. If in fact he knew, when he incumbered the property, that by the terms of the policy the insurer was not liable for its loss or damage by fire while so incumbered, unless it agreed to the incumbrance in a writing added to the policy, then by other terms the contract itself determined finally and definitely that 'no one' should have the power to bind the company by an oral waiver of that provision. *Rhode Island Ins. Co. v. Phelps,* 141 Md. 370 *et seq.,* 118 A. 749. And since it will be presumed, in the absence of fraud preventing such knowledge, that he did know what the terms of the policy were (*Bakhaus v. Caledonian Fire Ins. Co.,* 112 Md. 695, 77 A. 310; *Miller v. Home Ins. Co.,* 127 Md. 147, 96 A. 267, Ann. Cas. 1918 E, 384), until reformed, he is bound by its terms."

In that case, and in *Rhode Island Ins. Co. v. Phelps, supra,* the asserted waiver was predicated upon an assurance, alleged to have been given by the agent to the insured when the policy was issued, that it would not be violated by a course of conduct which the insured proposed thereafter to pursue. There is no proof in this case that, when the plaintiff received the policy here sought to be enforced, he indicated to the defendant's agent any desire to obtain other insurance. It does not appear that he expressed such a desire until the policy had been in his possession for nearly three months. The agent then requested the representative of another company to arrange for the additional insurance which the plaintiff wished to procure. Presumably the defendant's agent, Mr. Gonder, was then acting solely in behalf of the plaintiff, as it is not to be supposed, in the absence of any evidence on the subject, that his agency for the defendant included in its scope the procurement of insurance from other companies for its policyholders. Mr. Gonder was not called as a witness, and the plaintiff did not testify as to the circumstances under which the two later policies were applied for and delivered. The effect of the stipulation as to those policies is simply to indicate that, as Mr. Gonder requested their issuance, he necessarily was aware that insurance was being obtained by the

plaintiff in addition to that which the policy issued by the defendant provided. But, if it be assumed that such a knowledge was imputable to Mr. Gonder in his capacity of agent for the defendant, it could not affect the binding force of the contract which the previously issued policy of the defendant expressed. The only permitted method of waiving any of the policy conditions, after its issuance, was by an indorsed or attached agreement to that effect. The right of the agent to waive its operative provisions in any other way was expressly denied.

There can be no question as to the validity and reasonableness of the provision against other insurance, whether valid or invalid, without the insurer's consent. The validity of such a provision was recognized in *Sweeting v. Mutual Fire Ins. Co.*, 83 Md. 63, 70, 34 A. 826, and its reasonableness is supported by considerations affecting the moral hazard when the insurance is excessive. 26 *C. J.* 256; 5 *Couch on Insurance*, sec. 1041.

There are cases in other jurisdictions in which, under provisions similar to those considered in the present case, fire insurance policies were held to have been rendered void by the procurement, after their issuance, of additional insurance in other companies with the knowledge of the agent from whom the first policies were received, but without the requisite indorsement of consent. *Baumgartel v. Providence-Washington Ins. Co.*, 136 N. Y. 547, 32 N. E. 990; *A. M. Todd. Co. v. Farmers' Mutual Fire Ins. Co.*, 137 Mich. 188, 100 N. W. 442; *Lippman v. Ætna Ins. Co.*, 108 Ga. 391, 33 S. E. 897; *People's Bank v. Ins. Co. of N. Am.*, 146 Ga. 514, 91 S. E. 684; *Haverly v. Westchester Ins. Co.*, 138 Tenn. 557, 199 S. W. 393; *Johnson v. Ætna Ins. Co.*, 201 N. C. 362, 160 S. E. 454, 456; *Taylor v. State Ins. Co.*, 98 Iowa, 521, 67 N. W. 577; *German Ins. Co. v. Heiduk*, 30 Neb. 288, 46 N. W. 481.

In certain other cases, cited in 2 *Couch on Insurance*, sec. 543, and note, 10 L. R. A. (N. S.) 1064, asserted waivers were sustained under contractual and other conditions analogous to those here presented. But the decisions first re-

ferred to are more in accord with the principle applied in the Maryland cases which we have cited. According to the decisions of this court, the power of the agent to waive provisions of the policy, after its delivery to the insured, are effectually limited by such terms as the present policy contains, and the agent's knowledge of subsequent disregard by the insured of specific conditions of the policy does not result in a waiver, which is explicitly precluded except by agreement duly indorsed or attached. The application of those principles to the case now under consideration leads us to the conclusion that there was error in the admission of the testimony that the defendant's agent aided the plaintiff in procuring additional insurance in contravention of the policy now in litigation, and that the prayer to direct a verdict for the defendant because of uncontradicted evidence of such a breach of the contract embodied in the policy should have been granted.

In view of that conclusion, there is no occasion to discuss and decide the questions raised by the other exceptions in the record.

*Judgment reversed, with costs, and without a new trial.*