86 So.2d 421 (1956)
Louis M. HUNTER and Florence M. Hunter, his wife, Appellants,
v.
UNITED STATES FIDELITY and GUARANTY COMPANY, a corporation, Appellee.
Supreme Court of Florida. Special Division A.
March 28, 1956.
*422 Martin Sack, Jacksonville, for appellants.
Harry T. Gray, Francis P. Conroy, Sam R. Marks and Marks, Gray, Yates & Conroy, Jacksonville, for appellee.
DREW, Chief Justice.
This appeal is taken on an agreed statement on appeal which sets forth succinctly the question posed. Such statement is as follows:
"This is an appeal by plaintiffs from a final judgment entered June 2, 1955, by the Circuit Court for St. Johns County, Florida, granting defendant's motion for summary judgment, and entering final judgment for the defendant.
"A copy of the judgment appealed from, and a copy of the notice of appeal with its filing date, are to be transmitted with this statement to the Supreme Court of Florida.

* * * * * *
"Plaintiffs, the named assureds and owners of the household goods and personal effects contained in a certain structure, occupied as their home, located in St. Johns County, Florida, sued the defendant on a policy of fire insurance issued by it to them on December 9, 1952. The total valuation clause in the policy fixed the value of the personal property at $2,000.00.
"The pertinent provisions of the policy were as follows:
"`Total Insurance  See form attached  Item 1, $
"`Valuation Clause  See form attached  Item 1, $2,000.00
"`Subject to Bureau Form No.(s), 263-FL herein.'

* * * * * *
"`This policy is made and accepted subject to the foregoing provisions and stipulations and those hereinafter stated, which are hereby made a part of this policy together with such other provisions, stipulations and agreements which may be added hereto as provided in this policy.'

* * * * * *
"`Valuation Clause (Applies to Fire and Lightning Insurance Only)  The insurable values of the structures described in this policy are fixed at the amount(s) shown in the blanks provided on the first page of this policy under this caption.'

* * * * * *
"`Total insurance (Applies to Fire and Lightning Insurance only)  Other fire insurance is prohibited unless the total amount of fire insurance, including the amount of this policy, is inserted in the blanks provided on the first page of this policy under the caption Total Insurance. This Company shall not be liable for loss while the Insured shall have any other fire insurance prohibited by this policy.'
"On June 30, 1953, the structure and all the contents were totally destroyed by fire. Proof of loss was duly furnished the defendant. Under Florida Statutes the $2,000.00 valuation could not be disputed by defendant.
"Plaintiffs' Complaint sought recovery of the $2,000.00, interest and attorney's fees, as provided by Florida Statutes.
"In its defense, defendant pleaded the above quoted provisions of the policy, and that the same date, December 9, 1952, but after issuance of the policy in suit, and before the fire, plaintiffs applied for and obtained a fire policy from National Fire Insurance Company of Hartford insuring the same personal property for $2,000.00, without notice to defendant, or its agents, defendant learning of the second policy after the loss occurred.
*423 "The National policy was introduced as an exhibit in connection with the motion for summary judgment. It contained the same provisions as those in the defendant's policy, above set forth, and the same Total Valuation clause.
"Before suit was filed, plaintiffs were examined under oath, as permitted by the policy, and testified they had purchased the second (National) policy from a different agent in another town, and retained it until after the fire, but did not advise either company about another policy and neither company knew of the other policy. They said they considered and understood fire insurance to be similar to life insurance and had been advised by friends that if they had 2 policies recovery would be easier if a loss occurred. The husband was a part-time farmer and part-time laborer, the wife was employed in a mill in a nearby town. The house had been built by them by their own labor a number of years before the loss occurred.
"On defendant's motion for summary judgment the Circuit Court considered the pleadings, admissions, the 2 policies and the foregoing sworn testimony of the plaintiffs. The issuance of the 2 policies, the total destruction of the property, the valuation of the property, the plaintiffs' aforementioned testimony, and their ownership of the property were all admitted and undisputed. The Circuit Judge granted the motion and entered the final judgment appealed from."
As long ago as 1904, in the case of Philadelphia Underwriters' Insurance Co. of North America v. Bigelow, 48 Fla. 105, 37 So. 210, 211, this Court held that where a policy of insurance contains a provision that:
"`This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or not, on property covered in whole or in part by this policy',"
such provision was valid; and denied recovery thereon where it appeared that the assured procured another policy which was in existence at the time the assured's property was destroyed by fire. Twenty years later, in the case of Adjustment Bureau Tampa Association of Credit Men v. Equitable Fire and Marine Insurance Company, 87 Fla. 308, 100 So. 161, 162, we said on the authority of the Bigelow case, supra,
"* * * knowledge of the insurer of other insurance upon the property insured at the time of the issuance of the policy, with the omission to insert in the concurrent or additional insurance clause of the policy the amount or that no additional concurrent insurance is permitted, is not, as to policies subsequently issued upon the property of which the insurer had no notice, a waiver, nor is the insurer as to such policies estopped from asserting or relying upon the express provisions of the policy that `no insurance in addition is permitted to this policy unless the total insurance, including this policy, is entered in paragraph above' (meaning the additional concurrent insurance clause), and declaring the policy to be void if the assured `shall hereafter make or procure' any other contract of insurance on the property covered unless provided by agreement endorsed on the policy."
In the latter case we again upheld the principles laid down in the former case, that the violation of such a provision precluded the assured from recovery. In addition to the Bigelow and Equitable cases, supra, which appellee said is square and solid authority to uphold the lower court in its disposition of this cause, appellee relied principally upon the cases of Graham v. American Eagle Fire Ins. Co., 4 Cir., 1950, 182 F.2d 500 and a later Federal case of Aetna Ins. Co. of Hartford, Conn. v. Jeremiah, 10 Cir., 1951, 187 F.2d 95. It would unduly lengthen this opinion and serve no useful purpose to quote at length from Aetna Ins. Co. of Hartford, Conn. v. Jeremiah. Our holdings in the Bigelow and *424 Equitable cases and the rule announced and approved in Aetna Ins. Co. of Hartford, Conn. v. Jeremiah, supra, comport with better reason and logic and are more nearly in conformity with the historical views of this court in construing contracts of insurance. We have been jealous of the rights of the assured. But we have also upheld the rights of the parties to contract regarding the provisions to be included in policies of insurance, so long as they were not contrary to public policy and were not misleading or ambiguous. For instance, in the recent case of Gulf Life Ins. Co. v. Green, Fla. 1955, 80 So.2d 321, 322, where we were dealing with a life insurance policy, we upheld a provision to the effect that the policy should not take effect unless on the date of the delivery thereof the insured was alive and in sound health. In that case we again reiterated the language contained in Gulf Life Ins. Co. v. Ellis, 145 Fla. 262, 198 So. 836, viz.: "`It is certainly not an unreasonable requirement that the insured be alive and in good health on the date of the delivery of the policy.'"
In Aetna Ins. Co. of Hartford, Conn. v. Jeremiah, supra, the circuit court of the 10th circuit observed that the prohibition against additional insurance in a policy containing the identical language to that involved in this case was an express warranty by the insured that no other insurance would be taken out. The court there observed that such provisions have been held reasonable and valid upon the ground that concurrent policies on the same property tend toward carelessness and fraud, and cited many cases to support that observation. In disallowing recovery upon the policy in that case the court said [187 F.2d 97]:
"`A provision forbidding or limiting additional insurance is clearly intended not as prescribing something to be done by the insured but as expressing a condition upon which the company assumes liability; and the law is well settled that, upon the breach of such a condition, there can be no recovery upon the contract in which it is contained. The principle upon which this conclusion rests is elementary in the general law of contracts. See A.L.I. Restatements of Contracts, secs. 250 and 260, and illustration 1 under 260. Applied in the law of insurance, it clearly requires that a provision forbidding or limiting additional insurance be treated as a condition of the policy, breach of which will preclude recovery by the insured. See Kossmehl v. Miller Nat. Ins. Co., 238 Mo. App. 671, 185 S.W.2d 293; Plumley v. Superior Fire Ins. Co., 122 W. Va. 333, 9 S.E.2d 229; Roberts v. London & Lancashire Ins. Co., 282 Ky. 679, 139 S.W.2d 764; Elliott v. Lycoming County Mut. Ins. Co., 66 Pa. 22, 5 Am.Rep. 323; Mitchell v. Lycoming County Mut. Ins. Co., 51 Pa. 402.'"
In the instant case the contracts were clear and unambiguous, and the assured agreed that he would take out no additional insurance. It was on this condition that the insurer assumed the responsibility of the insurance.
We recognize that there is respectable authority which holds counter to the views we express. The principle case is Sweeting v. Mutual Fire Ins. Co., 83 Md. 63, 34 A. 826, 32 L.R.A. 570, and it is this case upon which the appellants so strongly rely. In spite of appellee's contention that the Sweeting case is not clearly applicable to the situation here and has been modified, if not overruled, by a later Maryland case, National Union Fire Ins. Co. v. Menke, 1934, 166 Md. 513, 171 A. 719; we think it does support appellants' contention. We simply do not agree with its logic; and prefer to follow a contrary view which we believe to be more consonant with reason and to have the support of a number of courts; in addition to being consistent with the views of this Court in the Bigelow and Equitable cases, supra.
We are indebted to both counsel for appellants and appellee for the excellent briefs which have been furnished in this *425 case and the concise manner in which the question has been presented.
Affirmed.
THOMAS and THORNAL, JJ., and PATTERSON, Associate Justice, concur.