WIGGINTON, Judge.
Appellants challenge the trial court’s entry of summary judgment in favor of appel-lee Allstate Insurance Company. The issue before us is whether the trial court could conclude as a matter of law that the insurance policy issued by Allstate to appellants was voided by appellants’ purchase of other insurance on the same property. We affirm.
On February 13, 1978, appellant Charles Ray purchased from Allstate an insurance policy on a residence occupied by the Rays and owned by appellant Marietta International Holding Company, Inc. The policy insured against all manner of perils, most notably fire, and provided coverage of $45,- *836 000 for damage to the dwelling. However, in July, 1978, Ray procured an additional policy of insurance on the same residence from Nationwide Mutual Fire Insurance Company, which provided coverage of $56,-000. The Nationwide policy likewise insured against damage to the residence caused by fire, and both policies included coverage of appurtenant structures, unscheduled personal property, and additional living expenses. Finally, in addition to the policies issued by Nationwide and Allstate, Ray obtained from United States Fire Insurance Company a third policy to insure the property in the name of Marietta International Holding Company, Inc.
On August 28, 1978, the residence was damaged by fire. Following the loss, Ray filed a sworn statement in proof of loss and made a claim for over $76,000 against Nationwide only. Following that company’s refusal to pay for the damage, the Rays brought suit. However, they voluntarily dismissed their case prior to trial, and in September, 1983, filed suit against Nationwide, Allstate, and U.S. Fire, claiming in excess of $100,000 in damages. Allstate, in reliance on the clause entitled “Other Insurance” contained in the policy contract, moved for summary judgment. Attached to the motion was an affidavit executed by Charles Ray in connection with the initial Nationwide suit in which he swore that he considered Nationwide’s policy to supersede the Allstate policy. On the strength of the “other insurance” clause and the affidavit, the trial court granted Allstate’s motion and entered summary judgment in the company’s favor.
Paragraph 10, the “Other Insurance” clause, provides:
Other insurance covering the described dwelling building (except insurance against perils not covered by this policy) is not permitted.
Immediately below that clause is paragraph 11, the “Apportionment” clause, which provides in subparagraph (a) the following:
Loss by fire or other perils not provided for in 11(b):
Allstate shall not be liable for a greater proportion of any loss from any peril or perils included in this policy than (1) the amount of insurance under this policy bears to the whole amount of fire insurance covering the property, or which would have covered the property except for the existence of this insurance, whether collectible or not, and whether or not such other fire insurance covers against the additional peril or perils insured hereunder; nor (2) for a greater proportion of any loss than the amount hereby insured bears to all insurance whether collectible or not, covering in any manner such loss or which would have covered such loss except for the existence of this insurance.
Subparagraph 11(b) provides:
Loss by theft or loss of personal property covered on an unspecified peril basis: Insurance under this policy shall apply as excess insurance over any other valid and collectible insurance which would apply in the absence of this policy.
Appellants argue that the apportionment clause is inconsistent with and repugnant to the “other insurance” clause. In their view, the two clauses render the policy ambiguous requiring that the ambiguity be resolved in their favor as the insureds. Travelers Insurance Company v. Bartoszewicz, 404 So.2d 1053 (Fla.1981). However, as Allstate observes, appellants ignore Ray’s affidavit declaring that he had considered Nationwide’s policy to supersede Allstate’s policy.
The central concern in interpreting insurance contracts is the intent of the parties. Bartoszewicz, 404 So.2d at 1054. Furthermore, although Florida has jealously protected the rights of the insured, it has also upheld the rights of the parties to contract regarding the provisions to be included in policies of insurance, so long as the provisions are not contrary to public policy and are not misleading or ambiguous. Hunter v. United States Fidelity and Guaranty Company, 86 So.2d 421 (Fla.1956).
As both appellants and Allstate recognize, Florida law has consistently re *837 affirmed the validity and enforceability of provisions in property insurance policies prohibiting other similar insurance on the same property upon the ground that “concurrent policies on the same property tend toward carelessness and fraud.” Hunter, 86 So.2d at 424; Adjustment Bureau Tampa Ass’n of Credit Men v. Equitable Fire & Marine Ins. Co., 87 Fla. 308, 100 So. 161 (1924); Philadelphia Underwriters’ Ins. Co. of North America v. Bigelow, 48 Fla. 105, 37 So. 210 (1904). In the instant case, appellants as insureds agreed that they would take out no additional insurance, and it was on that condition that Allstate assumed the responsibility of the insurance.
The apportionment clause does nothing to cloud the clear and unambiguous language of the “other insurance” clause. The apportionment clause could operate, for example, in the event appellants procured additional insurance on the covered property other than the dwelling. Where the dwelling is concerned, though, the “other insurance” clause controls. Consequently, the trial court correctly entered the summary final judgment in favor of Allstate.
AFFIRMED.
BARFIELD, J., and WILLIS, BEN C. (Ret.), Associate Judge, concur.