CHARLES A. CARROLL *vs.* METROPOLITAN LIFE INSURANCE COMPANY.

Essex.    November 19, 1926. — January 7, 1927.

Present: RUGG, C.J., CROSBY, PIERCE, & SANDERSON, JJ.

*Insurance*, Life: condition.

At the trial of an action upon a policy of life insurance, it appeared that the policy contained a condition that it was "void if the insured before its date . . . has been attended by a physician for any serious disease or complaint; or has had before said date any pulmonary disease or disease of the heart, liver or kidneys."  There was evidence that, within a year before the policy was issued the insured, a woman, had been treated in a hospital for tuberculosis and had had hemorrhages. The policy contained no reference to an application.  The application contained certain questions and answers as to the insured's health, and a certificate of a physician employed by the defendant that he personally had "seen and inspected" the applicant, had seen her signature made, and was of the opinion that she was "in Good health" and that her "condition" was "sound."  The plaintiff sought to prove that there was no medical examination of the insured previous to the issuance of the policy, so that by G. L. c. 175, §§ 123, 124, the defendant was bound by the insured's statements as to her health, and offered to prove that the defendant's physician was paid twenty-five

cents for what he did on the occasion when he took the application to the intestate and made the examination, if any were in fact made in connection with the policy. The evidence was excluded. *Held,* that the evidence was immaterial and properly was excluded.

An exception to a portion of a charge to a jury should not be taken to apply to a portion of the charge to which it was not in terms directed.

CONTRACT, upon a policy of life insurance upon the life of Alice M. Carroll. Writ dated March 6, 1922.

In the Superior Court, the action was tried before *Broadhurst,* J. It appeared that the application for the policy was made on June 7, 1920, and that the policy was issued on June 21, 1920. Other material facts and evidence are stated in the opinion. The only exceptions saved by the plaintiff were to the exclusion of the question put to the physician who signed the intestate's application for insurance and to portions of the charge. There was a verdict for the defendant. The plaintiff alleged exceptions.

The case was submitted on briefs.

*R. E. Burke & E. E. Crawshaw,* for the plaintiff.

*H. R. Mayo,* for the defendant.

PIERCE, J. This is an action upon an insurance policy issued June 21, 1920, in this Commonwealth, upon the life of the plaintiff's intestate (his wife), who died January 27, 1922. Application was made in writing by the intestate, but the policy did not refer to the application. G. L. c. 175, § 131. The policy contained the following: "CONDITIONS No obligation is assumed by the Company prior to the date hereof, nor unless on said date the insured is alive and in sound health. This policy contains the entire agreement between the Company and the insured. This policy is void if the insured before its date has been rejected for insurance by this or any other Company, order or association, or has been attended by a physician for any serious disease or complaint; or has had before said date any pulmonary disease or disease of the heart, liver or kidneys."

The undisputed evidence of a daughter and an attending physician of the intestate warranted a finding that the intestate was "pretty sick" in 1919; that she was attended by physicians, had hemorrhages, and was at a hospital three

months; that a district nurse "was coming around treating . . . [the] mother for a year before this application was made"; that the physician was satisfied she probably had tuberculosis of the lungs sometime before May, 1919; that she was a sick woman in May, June, October and November, 1919, from a serious disease or complaint; that she was admitted to the hospital in November, 1919; that there was no question that for some time prior to 1920 the intestate had pulmonary disease and was never in sound health from May 7, 1919, until her death in January, 1922.  The evidence of the superintendent of the hospital was to the effect that on November 14, 1919, the intestate had a small hemorrhage, and on November 18, a hemorrhage of four ounces; that she was discharged from the hospital January 1, 1920, against the advice of the doctor; that she was again admitted in July, 1921, and discharged in September, 1921, also against the advice of the doctor; that she was admitted again on November 10, 1921, and died there January 27, 1922.

The plaintiff contends that the evidence as to the intestate's health, or lack of it, before the policy was issued is impertinent in respect to the purposes of the bill of exceptions, whether the evidence is viewed in its bearing upon the question as to health or on the question whether representations made by the insured were on her part "false, fraudulent or misleading," and cites G. L. c. 175, §§ 123, 124. These sections, so far as pertinent to the issue here involved, in substance provide that in any claim arising under a life policy, issued in this Commonwealth without previous medical examination or without the insured's knowledge and consent, "the statements made in the application as to . . . physical condition . . . shall be held to be valid and binding on the company."

During the trial the plaintiff, in support of his contention that there was no previous medical examination, called a registered medical practitioner (sometimes employed by the defendant) who testified that he went to the house of the intestate after the application for the policy had been turned over to him by the defendant; that he could remember only that he "asked those questions" (indicating questions printed

on the paper bearing the application, which was shown to him and put in evidence). The application, among other questions and answers, had the following: "5. State nature and duration of all illness that Life proposed has had within the past two years. Give names of all physicians who have attended said Life in that time." Answer, "None." "7. Has said Life ever been under treatment in any dispensary, hospital, or asylum, or been an inmate of any almshouse or other institution?" Answer, "No." The paper, or part of the application which contained the questions and answers, was signed by the intestate, and contained a certificate or memorandum signed by the physician in the words which follow: "I have this 12 day of June 1920 personally seen and inspected at the address given on page 1 hereof the Life proposed for insurance and saw the above signature made, and am of the opinion that said Life is in Good health, that said Life's constitution is sound. I find the pecuniary circumstances and hygienic surroundings satisfactory, and the insurance applied for in good faith with the purpose of being continued. I therefore recommend said Life to be accepted as 1st class." The plaintiff then introduced testimony which, if believed, warranted a finding that the physician did not make an examination, and could not, in the circumstances disclosed by the evidence, have made an inspection or examination of the hygienic condition or of the health of the intestate. The jury, however, found specifically, in answer to a question submitted to them, that there was a medical examination before the policy issued.

For the purpose of showing that a previous medical examination was not made, the plaintiff offered to prove that the doctor was paid twenty-five cents for what he did on the occasion when he took the application to the intestate and made the examination, if any were in fact made in connection with the policy. The evidence was excluded rightly. The amount of money the doctor received in fact for his services was not relevant evidence to prove that he did not render full service, or that such did not include a medical examination in the sense those words are used in the statute.

There is nothing in any exception to the charge which calls

for examination, unless we accept the contention of the plaintiff that the exception taken should be held to apply to a part of the charge to which it was not in terms directed. This, in justice to the trial judge and to the party defendant, cannot be done.

The short answer to the plaintiff's contention, that under G. L. c. 175, § 124, the statements in the application as to the physical condition of the intestate are binding on the company, is that the policy never issued as an obligation of the company because the intestate was not in "sound health" when the application was made or when the policy issued in reliance on the statements of the intestate as to her health. *Ansin* v. *Mutual Life Ins. Co. of New York*, 241 Mass. 107. *Fondi* v. *Boston Mutual Life Ins. Co.* 224 Mass. 6.

*Exceptions overruled.*