ELIZABETH LEVANDOSKI, APPELLANT, v. EQUITABLE LIFE ASSURANCE SOCIETY, RESPONDENT.

Argued February 2, 1927—Decided May 16, 1927.

A policy of life insurance which contains this clause: "I hereby agree that the policy issued hereon shall not take effect until the first premium has been paid during my good health." *Held,* this is a condition precedent to the liability of the insurer.

On appeal from the Supreme Court.

For the appellant, *Lazarus, Brenner & Vickers.*

For the respondent, *Collins & Corbin* and *Robert J. Bain.*

The opinion of the court was delivered by

BLACK, J. The suit in this case was instituted to recover $1,000, the amount of a life insurance policy dated February 14th, 1922. The policy was issued on the life of Stanislaw Gurecki, payable to his sister, the plaintiff, Elizabeth Levandoski, as beneficiary. Stanislaw Gurecki died June 27th, 1922, of pulmonary tuberculosis. The trial resulted in the direction of a verdict for the defendant on the ground that the undisputed evidence shows that the first premium on the policy was not paid during the good health of the insured. This is the sole ground of appeal alleged as error and the specific point involved for decision. The policy contained this clause: "I hereby agree that the policy issued hereon shall not take effect until the first premium has been paid during my good health."

As stated, the policy was dated February 14th, 1922. Subsequently, it was delivered and the first premium paid. Stanislaw Gurecki died June 27th, 1922. On February 20th, 1922, the record shows that he had "tubercular infection in the chest;" his death was caused by pulmonary tuberculosis; he died of "pulmonary tuberculosis," and the "first premium on the policy was paid at a time when he was suffering from pulmonary tuberculosis." The point involved under

discussion has been decided, at least, inferentially, by the Supreme Court and by this court, in the case of *Prahm* v. *Prudential Insurance Co.,* 98 *N. J. L.* 335; *affirmed,* 99 *Id.* 289. In that case it was held the validity of the policy depends not upon the knowledge of the insured and concealment by him with fraudulent intent, but upon the fact contained in the policy, as a condition precedent to its becoming binding on the company. This precise point was examined and considered by the Supreme Judicial Court of Massachusetts, in the case of *Barker* v. *Metropolitan Life Insurance Co.,* 188 *Mass.* 542; that case held, in order to recover upon a contract, which is made on condition, it is necessary that the condition should have been complied with; so, in this case; it is one of the conditions of the policy that it "shall not take effect until the first premium has been paid during my good health." Until this condition has been complied with the policy has no legal effect whatsoever. The payment of the first premium during the good health of the insured is a condition precedent to the liability of the insurer. This point was also examined and considered by the New York Court of Appeals with a like result, in the case of *Drilling* v. *New York Life Insurance Co.,* 234 *N. Y.* 234; 1 *Cooley Br. Ins.* 469. To the same effect are the cases of *McClave* v. *Mutual Reserve, &c., Asso.,* 55 *N. J. L.* 187; *Langstaff* v. *Metropolitan Life Insurance Co.,* 69 *Id.* 54. In the case of *Barker* v. *Metropolitan Life Insurance Co., supra,* it is pointed out that there is a vital distinction in the application of the law, to those policies which contain a condition and the law applicable to answers to interrogatories in the application for the policy. Citing the case of *Metropolitan Life Insurance Co.* v. *Howle,* 62 *Ohio St.* 204.

Finding no error in the record, the judgment of the Supreme Court is affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, BLACK, LLOYD, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 10.

*For reversal*—None.