CLARK, Administratrix, Respondent, vs. PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.

*October 10—November 5, 1935.*

For the appellant there were briefs by *Lines, Spooner & Quarles,* attorneys, and *L. S. Clemons* of counsel, all of Milwaukee, and oral argument by *Mr. Clemons.*

For the respondent there was a brief by *Cornelius T. Young* and *J. E. McCarty,* attorneys, and *William C. Cavanaugh, Jr.,* of counsel, all of Milwaukee, and oral argument by *Mr. Cavanaugh* and *Mr. McCarty.*

WICKHEM, J.   The insurance policy upon which this action was brought is dated October 28, 1932, at the home office of defendant, and was delivered to the insured in Mil-

waukee a few days thereafter. The policy was issued without a medical examination, but contained the following clause:

"Preliminary Provision—This policy shall not take effect if on the date hereof the insured be not in sound health, but in such event the premium or premiums paid hereon, if any, shall be returned."

The insured died on November 4, 1932, six days after the date of the policy. The principal cause of death was hypertension malignant, otherwise known as serious high blood pressure. The contributory causes were myocardial degeneration and acute decompensation (heart disease). The trial court found that the insured was not in sound health on the 28th day of October, 1932, but was on that date afflicted with the diseases which caused his death. No attack is made upon this finding, and the question is solely one of law as to the validity and scope of the preliminary provision, heretofore set out.

It is the contention of defendant that the preliminary provision is valid and enforceable, and constitutes a condition precedent to any liability under the policy; that it has no relation to, nor is it affected by, any statutes or rules of law dealing with warranties or misrepresentations.

The first question has to do with the validity of the preliminary provision, and assumes that if valid, it constitutes a condition precedent to liability under the policy. The trial court was of the opinion that it was repugnant to sec. 209.06, Stats. Sec. 209.06 (1) provides as follows:

"(1) No oral or written statement, representation or warranty made by the insured or in his behalf in the negotiation of a contract of insurance shall be deemed material or defeat or avoid the policy, unless such statement, representation or warranty was false and made with intent to deceive, or unless the matter misrepresented or made a warranty increased the risk or contributed to the loss."

This section deals only with representations and warranties, and has nothing to do with the conditions or coverage

of insurance policies. It contains no prohibition, express or implied, against such a condition or limitation of coverage as is here involved. There is no standard policy law with respect to life insurance, and no prohibition anywhere in the statutes against accepting a risk without medical examination but upon condition that an insurable state of health exist when the policy is issued. Sec. 209.07, Stats., which deals with the effect of a medical examiner's report, provides that the insurance company, in the absence of fraud, "shall thereby be estopped from setting up in defense of an action on a policy issued thereon that the insured was not in the condition of health required by the policy." This section implies that in the absence of facts declared to constitute an estoppel, a policy may require, as a condition precedent to liability upon it, that the insured be in a certain condition of health at the time of its issuance. The trial court also relied on what is termed the "entire contract" clause of the policy. In substance this provides that the policy shall constitute the entire contract between the parties, and that all statements made by the insured shall, in the absence of fraud, be deemed representations and not warranties, and that "no statement shall avoid the policy or be used as a defense to a claim thereunder unless it be contained in the application for the policy and unless a copy of such application be indorsed upon or attached to the policy when issued." This refers to representations by the insured preliminary to the issuance of the policy. We conclude that there are no legal objections to requiring, at least in a policy involving no medical examination, that the insured be in sound health at the time of the issuance of the policy.

It is next contended by plaintiff that this is not a condition precedent because it calls for the performance of no act on the part of the insured as a condition to the operation of the policy, but merely relates to a past or existing fact, the condition of health of the insured at the date of the policy. While

it is true that it calls for the performance of no act by insured, it does set forth a condition or fact which must be present before any liability attaches upon the policy. That such a provision constitutes a condition precedent to liability is generally held. See *Hurt v. New York Life Ins. Co.* (C. C. A.) 51 Fed. (2d) 936; *Id.* (C. C. A.) 53 Fed. (2d) 453; *Packard v. Metropolitan Life Ins. Co.* 72 N. H. 1, 54 Atl. 287; *Langstaff v. Metropolitan Life Ins. Co.* 69 N. J. Law, 54, 54 Atl. 518; *Metropolitan Life Ins. Co. v. Betz,* 44 Tex. Civ. App. 557, 99 S. W. 1140. In *Karp v. Metropolitan Life Ins. Co.* 86 N. H. 124, 164 Atl. 219, it was held, on substantially the same policy, that sound health on the date of the policy was an express condition precedent to any liability on the part of defendant. See also *Youngblood v. Prudential Ins. Co.* 109 Pa. Super. 20, 165 Atl. 666; *Levandoski v. Equitable Life Assur. Soc.* 103 N. J. Law, 643, 137 Atl. 414; *Carroll v. Metropolitan Life Ins. Co.* 258 Mass. 249, 154 N. E. 757; *Lopardi v. John Hancock Mut. Life Ins. Co.* (Mass.) 194 N. E. 706.

There can be no doubt that the provision in question was intended as a condition precedent to liability. Not only does the language of the provision plainly indicate this, but the object and purposes of this type of insurance point inevitably in the same direction. Such policies are offered in small amounts to persons of limited means. In order to achieve a saving in cost and premium, no medical examination is required. The only way in which this increase in hazard may be compensated, is for the insurer to insist that there shall be open to it, between the date of the policy and the date when incontestability commences, the defense that insured was not in sound health when the policy was issued.

For the foregoing reasons, the judgment must be reversed.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss plaintiff's complaint.