Hibbard, P. J.
The plaintiff seeks as beneficiary therein named to recover the amount of an industrial insurance policy issued by the defendant. The answer is a general denial, a plea of payment and further that the insured was not in sound health at the time of the issuance of the policy.
It is stated in the report that the action came before the Trial Court “upon an agreed statement of facts”. This characterization however appears to be erroneous as there was testimony both by the plaintiff and a physician. The agreed statement was in effect that one of the defendant’s agents and its local assistant superintendent talked to the plaintiff about insurance on the life of her daughter, then fifteen years of age. This daughter was at the time an inmate of the Belchertown State School, an institution under the general control of the Department of Mental Diseases of this Commonwealth, of which fact the defendant’s assistant superintendent and agent w'ere aware. Inquiry as to the health of the daughter brought from the mother the statement that it was good. Thereupon the plaintiff was advised that the defendant would accept a policy. One was written and delivered by the defendant’s agent to the plaintiff. It was agreed that premiums were paid to the date of death and that proper proofs of death were furnished to the company.
The plaintiff testified in substance that at the time the policy was written, the daughter was in good health and had no illness requiring medical care; that she was sent to the Belchertown State School on January 18, 1929 by school *582 commitment because the plaintiff was not at that time well; that the insured daughter at the time she was sent to the school was able to be out and around and could play with other children; that she could not talk except to say “Mama”, had a good appetite and appeared to be in good health; that the plaintiff visited the daughter at the hospital at frequent intervals; that at a time six years after the admission of . the daughter to the school, the mother was notified of her illness with a cold and shortly thereafter that there was an obstruction of the stomach; that the daughter died within a few days; that upon admission of the daughter to the school she was notified by the superintendent that she appeared to be in excellent condition.
A Doctor Quinn, testifying for the defendant, said that the daughter upon admission to the school was an idiot having the mental age of one year and eight months, was partially paralyzed on the right side and that her mental condition and paralysis were due to an injury at birth; that she was undersized and undernourished although apparently coming from a good home where she had received proper attention; that the child’s heart, lungs, kidneys and reflexes were normal; that her eyes, ears, nose and throat were negative but that the teeth were not in good condition; that the child could not talk but could walk with a limp induced by the partial paralysis; that with the condition of mental age and partial paralysis existing in the child from birth she was upon admission to the school in good condition as testified to by the mother.
Upon the completion of the plaintiff’s testimony, the defendant offered in evidence the application for the policy to which the plaintiff objected because the application was not endorsed upon or attached to the policy in compliance with Oh. 175, §131 of the General Laws of Massachusetts (Ter. Ed.).
*583 The plaintiff admitted that the name “Catherine Car-duff” on the application, as a signature, was signed by her, the mother, if the application was admissible in evidence. The Court excluded the application.
At the close of the trial and before final arguments, the defendant requested the following rulings:
“1. No contractual duty arose on the part of the defendant towards the plaintiff upon the policy of insurance in suit unless there was a compliance with the conditions precedent in said policy. Lopardi vs. The John Hancock Mutual Life Ins. Co., 1935 Advance Sheets 587.
2. If, on the date said policy of insurance was issued, the insured was not in sound health, the said policy never issued as an obligation of the defendant. Lopardi vs. The John Hancock Mutual Life Ins. Co. supra; Kravit vs. U. S. Casualty Company, 278 Mass. 178; Fondi vs. Boston Mutual Life Ins. Co., 224 Mass. 6; Carroll vs. Metropolitan Life Ins. Co., 258 Mass 249.
3. If, on the date the policy in suit was issued, the insured, Catherine Cardiiff, was suffering from mental disease or disorder, said insured was not in sound health, and the said policy never took effect as an obligation of the defendant.
4. If, on the date the policy in suit was issued, the insured, Catherine Carduff, was an inmate of an institution for the treatment and care of mental diseases and disorders,, the said policy according to its terms was void and never took effect as an obligation of the defendant, and the plaintiff is not entitled to recover.
5. If the conditions precedent in the policy of insurance in suit were not complied with, the said policy never became an obligation of the defendant, and the provisions in said policy as to incontestability have no effect.
6. If the policy in suit never took effect as an obligation of the defendant, no provision in said policy had any binding effect upon the defendant.
7. No policy of industrial insurance may be written without medical examination on a minor except on a *584 written application signed by said minor’s parent or guardian. G. L. Ch. 175, §123 (Ter. Ed.)
8. If the plaintiff signed to the application for insurance, on which the policy in suit was issued, the name of the assured without indicating in said signature that she signed as parent or guardian of said insured, no binding policy of insurance ever came into being.
9. The signing of the name of the assured alone, without indicating the name of the parent or guardian who made the actual signature is not a compliance with G. L. Ch. 175 §123 (Ter. Ed.).
10. The application for a policy of industrial life insurance, to be issued on the life of a minor, is admissible in evidence to show compliance or non-compliance with G. L. Ch. 175, §123 (Ter. Ed.).
11. In the policy in suit in the ease at bar there is no reference to the application upon which the policy was issued and the provisions of G. L. Ch. 175, §131 (Ter. Ed.) are not applicable.
12. Where a policy of industrial life insurance contains no reference to the application upon which such policy is issued, the said application is admissible in evidence for any purpose.
13. Under the terms of G. L. 175, §123 (Ter. Ed.) a written application for insurance signed by the parent or guardian of the minor was required, the said application is admissible in evidence.
14. Declarations or statements by an agent or solicitor of insurance for the defendant, cannot bind the defendant in the absence of -evidence of specific authority to such agent or solicitor to make such declarations or statements.
15. G. L. (Ter. Ed.) .Ch. 175, Par. 186 relating to warranties has no application to the conditions precedent, in the policy of life insurance in suit.”
The defendant’s Requests for Rulings were disposed of as follows:
1. Allowed.
2. Allowed as a proposition of law but not applicable to facts found.
3. Denied.
*585 4. Allowed as a proposition of law but not applicable to facts found.
5. _Allowed.
.6. Allowed.
7. Allowed.
8. Allowed.
9. Allowed.
10. Denied. This is not a request for ruling of law.
11. Denied. This is not a request for a ruling of law.
12. Denied. This is not a request for a ruling of law.
13. Denied. This is not a request for a ruling of law.
14. Allowed.
15. Allowed.
The Court found the following facts:
“This is an action of contract to recover five hundred dollars upon a policy of insurance issued on the life of one Catherine Carduff, now deceased, in which the plaintiff is named beneficiary.
“The defendant’s answer is a general denial, payment, and that the insured was not in sound health when contract was made.
‘ ‘ This action comes before the court under an agreed statement of facts, the defendant waiving the clause of ‘ other insurance ’ contained in the policy, and the issue is reduced to the questions of whether the insured was in sound health, and whether the application which was signed ‘ Catherine Carduff’ by the mother and plaintiff herein is a compliance of Gk L. c. 175, §123, which provides that no industrial policy of insurance shall be issued without medical examination except upon a written application signed by the insured or by a parent or guardian or other person having legal custody of said minor.
“The insured was not examined by a physician.
“The insured was sixteen years old when insured by the defendant company on June 18, 1930 under a twenty/payment life policy, and the plaintiff is named beneficiary. The insured died January 24, 1935. At the time of making of the contract of insurance, the deceased was an inmate of the Belchertown State School. The insured was feeble-minded, paralyzed on • one side, could not talk except to say ‘Mama’, and was *586 diagnosed at the Belchertown School as being of mental age of one year and eight months. She was then fifteen years old.
‘‘ The question of sound health is a question of fact : Baker vs. Metropolitan Insurance Co., 188 Mass. 545. Smardon vs. Metropolitan Insurance Co., 243 Mass. 602. Foss vs. Mutual Life Insurance Co., 257 Mass. 15.
“I find that the insured was in sound health when policy was issued.
“But the plaintiff’s claim must fall upon the signature to the application. The signing of the insured’s name by the plaintiff "without anything to show if the application was signed by the insured herself, is not a compliance of G. L. c. 175, §123.
“The company issuing the contract has a right to know who signed the contract, otherwise the doors would be opened to fraud.
“Finding for the defendant.”
The plaintiff claiming to be aggrieved by the allowance of the defendant’s requests for rulings numbered seven, eight and nine requested a report.
It is not entirely clear what matters are reported. In the report there appears immediately following the recitation of the disposal of the defendant’s requests for rulings the following:
“The plaintiff says the Court erred in the allowance of rulings 7, 8 and 9.”
The closing paragraph of the report is as follows:
“The plaintiff claiming to be aggrieved by the rulings and refusals to rule as requested, I hereby report the same to the Appellate Division for determination.”
The usual clause “This report contains all the evidence material to the questions reported” is absent.
The plaintiff has briefed and argued there was error in the allowance of the requests numbered 7, 8 and 9 and in the finding for the defendant by the Trial Judge on the ground *587 that the signature of the insured on the application by the mother was not in compliance with General Laws,- Ch. 175, $123.
The defendant likewise has briefed and argued these same points and the findings by the Trial Judge that the insured was in sound health and not an inmate of a hospital or institution of any kind engaged in the care or cure of human health or disease. The policy provided that it shall be void if the insured had attended any such institution.
Questions not reported are not open to the plaintiff and cannot be considered. Aluminum Products Company vs. Regal Apparel Company, 1936 A. S. page 2199.
We treat all the above entitled matters as if reported but consider them in reverse order.
(1) The Trial Judge found as a fact that the assured was not an inmate of a hospital or institution within the meaning of the provisions in the policy. There was credible evidence to support this finding. The Belchertown State School is an institution under the general supervision of the Department of Mental Diseases of this Commonwealth. It is required to maintain a school department for the instruction and education of feeble-minded who are within the school age or who in the judgment of the trustees thereof are capable of being benefited by school instruction. The insured in this case was of school age. She was admitted to the school during school age, was accepted as a school commitment and was not in the custodial department. While classified as an idiot as a result of a mental condition existing from birth, she was admitted to the school department and remained there without transfer to the custodial department for six years before, she died. There was no error in the finding of the Trial Judge as to her status.
(2) The sound health of the assured was a condition precedent to the issuance of the policy. The Court found *588 as a fact that the assured was in sound health at the time the policy was issued.
The provisions in a life policy that have been upheld or assumed to be valid include a provision requiring the assured to be in sound health on its date. Gallant vs. Metropolitan Life Ins. Co., 167 Mass. 79. Ansin vs. Mutual Life Insurance Co. of N. Y., 241 Mass. 107. Carroll vs. Metropolitan Life Ins. Co., 258 Mass. 249. Lopardi vs. John Hancock Mutual Life Ins. Co., 289 Mass. 492. Burke vs. John Hancock Life Ins. Co., 1935 A. S. 921.
. It has been consistently held that whether the assured was in sound health calls for a finding of fact. Burke vs. John Hancock Life Insurance Co., supra. While most of the facts in reference to the condition of the assured are admitted, it could not be ruled as a matter of law that the assured was not in sound health. The finding of the Trial Judge cannot be disturbed. There was no prejudicial error in this respect.
(3) The seventh requested ruling is a correct statement of the law. The Trial Judge allowed this request without qualification. There was in such action no prejudicial error.
(4) The eighth requested ruling was as follows:
“If the plaintiff signed to the application for insurance, on which the policy in suit was issued, the name of the assured without indicating in said signature that she signed as parent or guardian of said insured, no binding policy of insurance ever came into being.”
The specific phraseology of the statute is as follows:
“Provided however that no industrial policy shall be issued without medical examination except upon a written application therefor signed by the person to be insured or in the case of a minor by the parent, guardian or other person having the legal custody of said minor.”
*589 Through the medium of this statute, the legislature has validated a contract of life insurance which the assured by-reason of minority would be incapable of contracting and in addition has undoubtedly safeguarded the rights of both contracting parties as against fraud. The plain import of the language is not that the child’s name shall be signed by the hand of another but in addition to such signature there shall be clear indication that such signature was by one of the parties named in the statute. The statute required in the instant action that the signature should be “Catherine Carduff by Loretta Carduff, mother” or words of similar import. Interpreted in any other manner, the language of the statute would be ineffective and of no effect.
The foregoing provision of the statute was not complied with and there was no prejudicial error in the allowance of the request which was to the general effect that the application not having been properly signed, there was no binding policy of insurance.
(5) For the reasons immediately hereinbefore set forth, the allowance of the ninth requested ruling was without prejudicial error.
This leaves for consideration the question whether the Trial Judge could find for the defendant on the ground that the signature to the application was defective. Fiom the report it appears that a copy of the application for the issuance of the policy was not endorsed upon or attached to the policy as required by the provisions of General Laws, Ch. 175, §131. It has been held that the enactment of this provision was a constitutional exercise of legislative power to regulate insurance and the failure of the insurer to attach to the policy a correct copy of the application prevents reliance by the insurer in an action against it on the policy on misstatements in the application as a defense. Shiller vs. Metropolitan Life Insurance Co., 1936 A. S. 1581. The *590 same consequence as to misstatements follows if the application has not been properly signed. This application was offered in evidence by the defendant. The plaintiff objected because the application was not endorsed upon or attached to the policy. The plaintiff admitted that the name “Catherine Carduff” on the application as a signature was signed by the mother if the application was admissible in evidence. The Court excluded the application. The application was by this action not before the Court and there was' no evidence as to the signature, nor was there any evidence of any misstatements or errors in the application which could be considered by the Trial Judge. The case of Smith vs. Miles, 1936 A. S. 2239 at 2242, may be referred to as an illustration. The Court therein says on page 2242: “After this evidence was struck from the record, it was plain there was nothing upon which the defendant’s request could be based”. The situation in the present case apparently is that a finding was made upon evidence which had been excluded, which is somewhat analogous. The finding for the defendant based upon the error in the signature attached to the application was erroneous.
The defendant has argued that the exclusion of the application was erroneous and prejudicial to it but the Court still had before it the plaintiff’s own testimony which justified and compelled a finding that there was no valid contract of insurance. The difficulty with this argument is that after he had correctly ruled as to the exclusion of the application, the Trial Judge did not have before him the plaintiff’s own testimony as to the signature for the admission of the signature had been conditioned upon the admission of the application.
Because of the prejudicial error in the finding, there must be a new trial.