Hillsborough, }
Jan. 3, 1933. }

JOHN KARP *v.* METROPOLITAN LIFE INSURANCE COMPANY.

*McLane, Davis & Carleton (Mr. Carleton* orally), for the plaintiff.

*Wyman, Starr, Booth & Wadleigh (Mr. Ralph E. Langdell* orally), for the defendant.

BRANCH, J.   Decedent's application for insurance which, by incorporation in the policy and by virtue of the statute (P. L., *c.* 277, *s.* 8) became a part of her contract with the defendant, contained a stipulation "that the policy shall not be binding upon the Company unless upon its date I shall be alive and in sound health."   The policy also contained the following provision: "If (1) the Insured is not alive or is not in sound health on the date hereof; or if (2) before the date hereof, the insured . . . has had any . . . disease of the heart . . . , then in any such case, the Company may declare this Policy void and the liability of the Company in the case of any such declaration or in the case of any claim under this Policy shall be limited to the return of the premiums paid on the Policy . . ."   The argument of the plaintiff that the deceased had no actual knowledge of these provisions and hence that she was not bound by them is without merit.   The only contract which she had with the defendant was the one embodied in the policy, and her failure to read it or otherwise learn of its provisions furnishes no legal ground for nullifying its conditions.   *Lauze* v. *Insurance Co.,* 74 N. H. 334.

The meaning of the above quoted provisions is unmistakable and there is no escape from the conclusion that the requirement that the assured be in sound health on the date of the policy was an express condition precedent to any liability on the part of the defendant. The finding of the court that upon the date of the policy the deceased was afflicted with valvular disease of the heart is equivalent to a finding that this condition was not fulfilled, and in the absence of countervailing considerations, it would follow that the policy, in the language

of the application, is not "binding upon the company." *Packard* v. *Insurance Co.*, 72 N. H. 1.

The trial court, however, was of the opinion that there were countervailing considerations of controling force. By his reference to "the rule of estoppel, as applied by our Court in such cases" he indicated his belief that the case at bar is governed by the principle announced in *Domocaris* v. *Insurance Co.*, 81 N. H. 177, and affirmed in *Bilodeau* v. *Insurance Co.*, 84 N. H. 405. The plaintiff takes the same position in this court. Briefly stated, the contention is that the defendant is estopped by the conduct of its agent from asserting in its defence a breach of the condition above set forth. It is argued that the defendant's agent, if not fraudulent, was negligent and that the company "is equally estopped whether the conduct of its agent be fraudulent or negligent."

The trial court made the following finding: " . . . it cannot here be said defendant's agent had knowledge of assured's condition at the time the application was taken . . . and thus perpetrated a fraud on the company in reporting her condition incorrectly." The vital facts which were common to both of the cases above referred to are, therefore, absent here, and hence the present case does not come within the scope of those decisions. As clearly intimated in the *Bilodeau* case (*p.* 406) the rule there followed involves a departure from common-law doctrines of agency, and its utility as an instrument for the accomplishment of substantial justice is extremely dubious. Consequently if the plaintiff's argument were otherwise sound, we should hesitate to extend that rule so as to cover any new situation.

The facts reported by the trial court, however, furnish a complete answer to the plaintiff's argument, namely, that the agent's failure to learn of the assured's condition was not findably due to his negligence. The court has found that when the application for insurance was made, the deceased had no knowledge of her true condition. It follows that no amount of questioning by the agent could have elicited the facts from her, and hence it could not be found that his failure to ask specifically every question in the application blank, if negligent, was the cause of his failure to discover the truth about her impaired health. We, therefore, conclude that the condition precedent to liability under the policy was not fulfilled and that the defendant is entitled to rely upon this defence. It is accordingly ordered that there be

*Judgment for the defendant.*

All concurred.