Gulf Life Insurance Company, Plaintiff in Error, v. Grover C. Ellis, Defendant in Error.

198 So. 836
Special Division B
Opinion Filed December 6, 1940

*Wm. H. Jeter* and *D. Niel Ferguson,* for Plaintiff in Error;

*James M. Smith, Jr.,* and *D. R. Smith,* for Defendant in Error.

Per Curiam.—On December 6, 1938, Blanche V. Ellis applied to the Gulf Life Insurance Company through its branch office at Ocala for a twenty-year-payment life insurance policy, the premium on which was 35c per week, and the first week's premium being paid with the application. Her application was forwarded to the home office at Jacksonville where it was approved and the policy executed December 15, 1938, and forwarded to the Ocala office for delivery. It was dated December 19, and was at the Ocala office for delivery on that date but was not delivered because it was learned that the insured died on the day previous as the result of injuries received in an accident.

Action was brought by the defendant in error as plaintiff to recover the face of the policy on the theory that it was in full force and effect on the death of the insured. Defendant moved for a directed verdict on the ground that the policy never became effective. The motion was denied and final judgment was entered for the plaintiff. Writ of error was prosecuted.

Several questions are urged but they all turn on that of whether or not under the terms of the insurance contract, the policy was in effect and payable on the death of the insured.

The application for the policy signed by the applicant contained the following provision:

". . . (2) That the insurance hereby applied for shall not take effect unless and until the policy is delivered to and received by me while I am in good health and free from injury;"

The receipt given the applicant when the application was accepted contained the following:

"This deposit is made and this receipt issued subject to all the terms of the policy and contingent upon all applicants being in good health. If applicants are accepted and policies issued and delivered to the insured, this deposit will be applied towards payment of premiums thereon. If application is rejected the said deposit will be returned."

The policy was executed and dated December 9, 1938, and contained the following provision:

"This policy shall not take effect unless on the date and delivery hereof the insured is alive and in sound health. . . ."

The plaintiff in error relies on the following to defeat payment of the policy, (1) The quoted provisions of the insurance contract, (2) the fact that the insured died Decem-

ber 18 and the policy was dated December 19 subject to delivery on that date, (3) The policy was a species of industrial insurance, premiums payable weekly and the rule of the company was to make them payable on Monday.

The terms of the contract were plain and unambiguous and since the insured was not alive and in good health on the effective date of the policy as its terms require, we have reached the conclusion that it never took effect and recovery cannot be had thereunder. It is certainly not an unreasonable requirement that the insured be alive and in good health on the date of the delivery of the policy. Westmoreland v. Gulf Life Insurance Company, 57 Ga. App. 303, 195 So. E. 316; Erickson v. Missouri State Life Ins. Co. (Mo. App.) 256 S. W. 108; Schwartz v. Germania Life Ins. Co., 18 Minn. 488; Denton v. Kansas City Life Ins. Co., Tex. Civ. App., 231 S. W. 436; Stockstill v. Life and Casualty Ins. Co., 16 Tenn. App. 538, 65 S. W. (2nd) 243.

The judgment appealed from is reversed.

Reversed.

TERRELL, C. J., WHITFIELD and CHAPMAN, J. J., concur.

BUFORD, J., concurs in opinion and judgment.