80 So.2d 321 (1955)
GULF LIFE INSURANCE COMPANY, a corporation under the laws of Florida, Appellant,
v.
Corine GREEN, Appellee.
Supreme Court of Florida. Division B.
March 9, 1955.
Rehearing Denied April 25, 1955.
Dayton & Dayton, Dade City, and Charlie Luckie, Clearwater, for appellant.
W.H. Brewton and William H. Seaver, Dade City, for appellee.
DREW, Justice.
Appellee, plaintiff below, as beneficiary of a life insurance policy on her daughter, recovered a judgment against appellant, defendant below, for the face amount thereof, costs and attorneys' fees. The Insurance Company has appealed.
The policy, which was issued and delivered without a medical examination of the insured on July 28, 1950, contained this clause: "This policy shall not take effect unless on the date of delivery hereof the insured is alive and in sound health." On August 14, 1950, the insured was admitted to a Tampa hospital and treated for rheumatic heart disease from complications of which she died on September 20, 1950. It is conceded by all that at the time the policy was issued and delivered the insured was not in sound health, and had been hospitalized for treatment of the same heart disease on three occasions in New York City between May, 1949 and March, 1950.
The form of application for such insurance contained numerous questions about the medical status of the insured all of which were filled in by the defendant's agent with negative answers favoring insurability. *322 The appellee testified that the agent asked her only the age and address of the insured and that she signed the application while the other blanks were not filled in and that the agent at no time inquired of her concerning the health of the insured. She stated further that she had no knowledge of the prior sickness of the insured which occurred in New York while appellee was in Florida.
The Insurance Company contends that the judgment must be reversed because the sound health clause was violated and the policy therefore never took effect. We agree. This Court long ago recognized the validity of such a clause. In Gulf Life Ins. Co. v. Ellis, 145 Fla. 262, 198 So. 836, we said, "It is certainly not an unreasonable requirement that the insured be alive and in good health on the date of the delivery of the policy." Because it is undisputed that the insured was not in sound health at the time of delivery of the policy, its terms did not become effective. See also Karp v. Metropolitan Life Ins. Co., 86 N.H. 124, 164 A. 219; Clark v. Prudential Ins. Co. of America, 219 Wis. 422, 263 N.W. 364. The extent of the liability of the Insurance Company under such circumstances is the return of the premiums paid.
The appellee contends that the Insurance Company may not take advantage of this sound health clause by reason of estoppel or waiver arising from the conduct of its agent in filling in the application without the knowledge and consent of the appellee who was the applicant for the policy. We recognize there may be a waiver or estoppel on the part of an insurance company with reference to a clause requiring the insured to be in good health at a particular time. Johnson v. Life Ins. Co. of Georgia, Fla. 1951, 52 So.2d 813; See 44 C.J.S., Insurance, § 276, page 1103. In this case, however, there is no showing that the Insurance Company or its agent had any knowledge or notice of the status of the insured's health at any time prior to her death. There can be no waiver without knowledge express or implied of that which is to be waived. The authorities cited by appellee on this question, such as Johnson v. Life Ins. Co. of Georgia, supra, and Inter-Ocean Casualty Company v. Ervin, 229 Ala. 312, 156 So. 844, are not in point.
Reversed.
MATHEWS, C.J., and THOMAS and HOBSON, JJ., concur.