81 So.2d 221 (1955)
The INDEPENDENT LIFE AND ACCIDENT INSURANCE COMPANY OF FLORIDA, Appellant,
v.
Ruby RODDAM, Appellee.
Supreme Court of Florida. Division A.
June 15, 1955.
*222 Fitzpatrick & Barron, Panama City, for appellant.
Mercer P. Spear, Panama City, for appellee.
ROBERTS, Justice.
The plaintiff brought suit in the court below to recover as the beneficiary of a life insurance policy on the life of her sister. The company denied liability on the ground, among others, that the insured was not in sound health at the time the policy was issued. The jury found in favor of plaintiff, judgment was entered, and defendant insurance company has appealed.
The policy contained the following clause: "This policy shall take effect only on the date entered in the schedule of benefits * * * and if the insured is then alive and in sound health." The defendant contends on this appeal that the uncontradicted evidence shows that the insured was not in sound health at that time, and that the judgment should be reversed under the authority of Gulf Life Insurance Co. v. Green, Fla., 80 So.2d 321, 322. This contention must be sustained.
The only medical testimony introduced was that of the insured's physician, Dr. John D. Pitchford. Dr. Pitchford testified that he had been treating the insured for approximately one year prior to the issuance of the policy, and that she was brought to the hospital, unconscious, approximately one week before the policy was issued and was still there at the time it was issued. She died five months later from cancer of the brain. His testimony concerning her symptoms and subsequent treatment need not be related.
In Gulf Life Insurance Co. v. Green, supra, we were concerned with an identical provision in a life insurance policy where it was conceded that the insured was not in sound health at the time the policy was issued. We said, quoting Gulf Life Ins. Co. v. Ellis, 145 Fla. 262, 198 So. 836: "`It is certainly not an unreasonable requirement that the insured be alive and in good health on the date of the delivery of the policy.' Because it is undisputed that the insured was not in sound health at the time of delivery of the policy, its terms did not become effective. * * * The extent of the liability of the Insurance Company under such circumstances is the return of the premiums paid."
We find nothing in the evidence from which the jury could possibly have *223 inferred that the insured was in sound health at the time of the issuance of the policy, in the face of the positive uncontradicted testimony of her physician; and the fact that the plaintiff might not have known of her sister's illness cannot charge the insurance company with liability on the policy, in view of the provision as to sound health, quoted above. All she is entitled to is the return of the premiums paid. Gulf Life Insurance Co. v. Green, supra.
Accordingly, the judgment appealed from should be and it is hereby
Reversed.
DREW, C.J., and TERRELL and SEBRING, JJ., concur.