### WINTE v. GULF LIFE INSURANCE CO. (No. 2).
### No. 1798.

Circuit Court, Dade County, Civil Appeal.

February 5, 1958.

Ferrell & Young, Miami, for appellant.

Evans, Mershon, Sawyer, Johnston & Simmons, Miami, for appellee.

VINCENT C. GIBLIN, Circuit Judge.

The plaintiff-appellant, Vera D. Winte, the beneficiary of an insurance policy issued by the defendant-appellee, the Gulf Life Insurance Company, and by which the life of Richard C. Winte, the beneficiary's husband, was insured, sued on the policy in the court below.

The defendant insurance company admitted in its answer its issuance, on April 1, 1952, of the policy and the payment of all premiums which had become due prior to the death of the insured on January 19, 1954, that it had due notice and proof of the death, and that it had refused, on her demand, to pay the amount of the insurance to the plaintiff beneficiary.

Among the defenses interposed by the defendant insurance company was the defense that the policy embodied the provision that "this contract shall not become effective unless, on the policy date shown above [April 1, 1952], the employee [the insured] is in good health and free from injury, except as may be included in the written application for this insurance;" that in his application the insured had stated that he had had no illnesses and had received no medical or surgical advice or attention within the preceding five years; that he had no serious illness and that he was in good health; and that, despite such statements in the application, the insured was not in good health, but was seriously ill, on April 1, 1952, the date of the policy.

At the trial the uncontradicted and unchallenged medical testimony, produced by the defendant insurance company and given by doctors whom the insured had consulted, or by whom he had been attended or treated, showed conclusively that on April 1, 1952, the insured was suffering from a "bilateral congenital or inherited polycystic kidney disease," a serious and incurable affliction, which had eventually produced uremic poisoning and caused his death on January 19, 1954, less than two years after the issuance of the policy.

Governed and guided by the opinions and decisions of the Supreme Court of Florida in Gulf Life Insurance Company v. Ellis, 198 So. 836, Gulf Life Insurance Company v. Green, 80 So. 2d 321, and Independent Life & Accident Insurance Company v. Roddam, 81 So. 2d 221, the trial judge, at the close of the evidence, directed the jury to return a verdict for the defendant insurance company;

and the final judgment appealed from is predicated on the verdict returned at the court's direction. The opinions and decisions in the cited cases required the action taken by the trial judge. He had no alternative.

Assuming, without deciding, that there was an evidentiary basis for a finding by the jury that the insured had not been advised by any doctor and had no knowledge of his serious disease and that he had made no intentionally false or inaccurate statements or representations in his application, his lack of knowledge and his good faith could have provided no basis for a verdict in favor of the plaintiff beneficiary. The question presented was whether the insured was in fact in bad health, and not whether he knew that he was not in good health. See Independent Life & Accident Insurance Company v. Roddam, supra.

For the reasons stated, the judgment appealed from (entered in minute book 105, at page 424, of the records of the court below) is affirmed.