BARNS, PAUL D., Associate Judge.
The appellant-defendant appealed from a final judgment entered against it pursuant to a directed verdict for the plaintiffs at the close of all the evidence. We find error and reverse.
The plaintiffs’ action at law is based on a life insurance contract issued by the appellant-defendant. On March 1, 1962, plaintiff, Estelle Hardy, purchased from the Faircloth Buick Company in Tampa, Florida, a Buick automobile. She made such purchase through a salesman of the car dealer, Ramon Fanguiaire. At the time of her purchase, her husband was a bedridden patient in the Bay Pines Veterans’ Hospital in St. Petersburg, Florida, suffering from a terminal illness that had been previously diagnosed as cancer. Joseph B. Hardy had been a patient in the Veterans’ Hospital and had been bedridden since January of that same year. In connection with her purchase of the automobile, Mrs. Hardy authorized application for “credit” life insurance to secure payment of the balance due during the term of her Retail Installment purchase contract naming as the insured her husband, then a patient in the Bay Pines Veterans’ Hospital. She purchased the automobile jointly in the names of herself and her husband. Subsequently, defendant, American Southern Life Insurance Company, pursuant to the application from the car dealer authorized by Mrs. Hardy, issued its certificate of life insurance numbered 7772, entitled, “Franchise Credit Life Insurance Certificate”, to Mrs. Hardy, the insured being Joseph B. Hardy, and the beneficiaries being General Motors Acceptance Corporation and the Estate of Joseph B. Hardy. The insurance certificate bore at its top the condition:
“THIS CERTIFICATE IS NULL AND VOID UNLESS THE INSURED IS BETWEEN THE AGES OF 18 AND 65 AND IN GOOD HEALTH ON THE EFFECTIVE DATE HEREOF.”
The insurance was stated to be from the effective date of March 1, 1962, to March 1, 1965, the premium being $112.43. Subsequently, on May 8, 1962, the husband of plaintiff and the insured under the aforesaid life insurance policy died of the condition from which he had been suffering at the Bay Pines Veterans’ Hospital.
The defendant, American Southern Life Insurance Company, moved for directed verdict at the close of plaintiff’s case, which motion was denied, and again moved for a directed verdict at the conclusion of all the evidence, at which time plaintiff also moved the court for a directed verdict against defendant. Plaintiff’s motion for directed verdict was granted. The defendant moved for judgment notwithstanding the verdict, in conformity with its motion for a directed verdict at the close of all the evidence. The defendant’s motions were denied by the court; hearing was had on plaintiff’s claim for attorney’s fees, and judgment was entered against defendant in the amount of $6,946.82, consisting of $4,520.42 principal and interest, $2,250.00 for attorney’s fees, and $176.40 for costs.
The defendant assigned as error: That the court erred in granting the plaintiff’s motion for a directed verdict at the conclusion of plaintiff’s and defendant’s testimony, and in entering a final judgment in favor of the plaintiff and against the defendant, American Southern Life Insurance Company, and that the court erred in denying the defendant’s motions for judgment notwithstanding the verdict.
The “sound health” provision of the policy was a condition precedent to the policy becoming effective in the absence of waiver or estoppel. The insured was not in a condition of good health and the plaintiff knew it and discussed the question with the salesman. There is nothing to *100 show that the insurance company knew that the insured was not in sound health. There was no physical examination of the insured by the insurance company. There is no showing of waiver or estoppel by the insured.
 The policy provision making good health a condition precedent was reasonable and valid. The insured was not in good health and in the absence of a showing of waiver or estoppel on the part of the company, the policy never became effective. Independent Life and Accident Insurance Company of Florida v. Roddam, Fla.1955, 81 So.2d 221; Gulf Life Insurance Company v. Green, Fla.1955, 80 So.2d 321. Upon remand, the trial court is directed to grant the defendant and cross-claimant, American Southern Life Insurance Company’s motion for judgment notwithstanding the verdict, thereby discharging them from any liability to the plaintiff, Estelle Hardy.
The assignments of error are well founded and the judgment appealed from is reversed for further proceedings not inconsistent herewith.
Reversed.
ANDREWS, J., concurs.
CROSS, J., dissents, with opinion.