HENDRY, Judge.
Appellant, Ethel L. Wolk, plaintiff below, instituted suit in her capactiy as beneficiary *618 under a policy of life insurance issued by the appellee, Lamar Life Insurance Company, to Dr. Harry E. Wolk, now deceased. From a directed verdict in favor of the insurance company, plaintiff appeals.
In 1964, the deceased-insured negotiated with an insurance broker in an effort to obtain a policy of life insurance. The broker submitted several preliminary applications to various insurance companies, all of which applications were rejected, apparently because of a heart condition suffered by Dr. Wolk in 1949 or 1950. Ultimately, the broker was able to interest the appellee in writing such a policy, and formal application was made on April 28, 1965. Prior to that date, on April 17, 1965, Dr. Wolk was given a physical examination, the results of which became an integral part of the formal application. At this time, answers to numerous questions relating to the past health of the applicant were supplied by Dr. Wolk; however, to the question:
“Have you now any illness, disease, or disorder?” No response was made. Thereafter, the appellee sent to Dr. Wolk a form entitled “Amendment to Application”, which form was for the purpose of eliciting an answer to the above quoted question. On the form, Dr. Wolk indicated simply “no”, and the amendment was signed and returned to the appellee. The policy was then approved and issued. Dr. Wolk received the policy on June 10, 1965, at which time the initial premium was paid. The insured died on June 11, 1965, of acute coronary insufficiency.
The record on appeal discloses that Dr. Wolk had suffered a myocardial infarction sometime prior to 1952 and that upon at least five separate occasions since 1952, he had been admitted to Mt. Sinai Hospital, Miami Beach, Florida. The last such confinement occurred between April 29 and May 17, 1965. At that time, Dr. Wolk complained of pain in the upper abdomen and lower chest, which pains were diagnosed by the admitting physician as a combination of coronary insufficiency, duodenal ulcer, hiatus hernia, and myxedema. The evidence also contains the deposition of Richard Morgan, Vice President of Lamar Life Insurance Company. Morgan’s duties were principally concerned with the selection of risks which were acceptable, and he makes the assertion in his deposition that, had the application contained a true picture of Dr. Wolk’s physical condition, the policy would not have been issued.
Proof of claim forms were properly filed, but appellee denied coverage under the policy, whereupon appellant instituted suit. The trial judge, after having heard all of the evidence, granted a directed verdict in favor of the appellee. Appellant seeks review of the order granting the directéd verdict.
The law of Florida in regard to the directed verdict is well settled. The rule is amply expressed in the case of Paikin v. Beach Cabs, Inc., Fla.App.1966, 187 So.2d 93, wherein Judge Carroll, speaking for this court, writes:
“The established rule applicable to the consideration of such a motion in the trial court is that the court should not direct a verdict for the defendant unless it is clear that there is no evidence whatever adduced that could in law support a verdict for plaintiff.”
See also, Hill v. American Home Assurance Company, Fla.App.1966, 193 So.2d 638. It is the duty of this court upon review of a directed verdict for the defendant to examine the evidence contained in the record in the light most favorable to the plaintiff. Rodi v. Florida Greyhound Lines, Fla.1953, 62 So.2d 355.
At trial, the appellant presented a prima facie case based solely upon the evidence of the written instrument which was the policy of insurance coupled with the fact of payment therefor. The case for the defense was comprised of two basic propositions. Firstly, appellee contended, terms of the policy itself prevented recovery. The *619 application for insurance, which ultimately became an integral part of the policy, contains the following clause.:
“2. No such policy shall he effective until received and accepted by the Applicant and the first premium paid thereon, and only then, if, at that time, the Proposed Insured’s health, occupation, and other conditions are as described'in the application * * * ”
Such clauses create conditions precedent which, in the absence of waiver or estoppel, must be satisfied before the policy of insurance can become effective. Similar clauses have been held to be reasonable and valid in Florida. Independent Life and Accident Insurance Company of Fla. v. Roddam, Fla.1955, 81 So.2d 221; Gulf Life Insurance Company v. Green, Fla.1955, 80 So.2d 321; American Southern Life Insurance Company v. Hardy, Fla.App.1967, 202 So.2d 98, opinion filed August 14, 1967. The evidence is uncontradicted that, at the time the policy was issued, Dr. Wolk’s health was not as it was represented to be in the application. In fact, the record shows incontrovertibly that, at the time application was made, Dr. Wolk sought admission to a hospital, and was admitted and confined there for some eighteen to twenty days, while suffering from cardiac insufficiency among other ailments. In spite of this, the application stated that Dr. Wolk suffered no illness, disease, or disorder.
This brings us to the second point raised by the appellee in its defense. The insurance company contended that, even if the policy had contained no such condition precedent, the wilful and material misrepresentations made by the insured would enable the company to avoid the policy. In this regard, we are referred to § 627.01081, Fla.Stat., F.S.A., which provides:
“All statements and descriptions in any application for an insurance policy or annuity contract, or in negotiations therefor, by or in behalf of the insured or annuitant, shall be deemed to be representations and not warranties. Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless either:
(1) Fraudulent; or
(2) Material either to the acceptance of the risk, or to the hazard assumed by the insurer; or
(3) The insurer in good faith would either not have issued the policy or contract, or would not have issued it at the same premium rate, or would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss, if the true facts had been made known to the insurer as required either by the application for the policy or contract or otherwise.”
Appellant counters with the assertion that § 627.01081, Fla.Stat., F.S.A., above quoted, imposes the requirement that the misrepresentation be made in “bad faith”, although no such requirement appears from the express language of the statute. Appellant, in an attempt to bolster her position, has cited three cases which touch on the requirement of “bad faith” and which she contends are controlling. The first two of these are the cases of Lamm v. Prudential Insurance Company of America, Fla.App.1965, 179 So.2d 238, and American Bankers Life Assurance Company of Fla. v. Toth, Fla.App.1964, 165 So.2d 804. The third case cited by appellant, Life Insurance Company of Virginia v. Shifflet, 5 C. C.A.1966, 359 F.2d 501, relies so heavily upon the Lamm and Toth cases that its applicability to the cause sub judice must depend entirely upon the relevance of these two decisions. In Lamm v. Prudential Insurance Company of America, supra, the opinion states at page 239 of 179 So.2d,
“While it appears that there was considerable evidence to induce the trial court to enter a summary final judgment for the defendant, the evidence cannot be said to be so substantial as to show that *620 there was ‘no genuine issue as to any material fact.’ ”
We are of the opinion that the crucial issue in the Lamm case was whether or not it was proper under the circumstances of that particular case to grant a summary final judgment. We can not say Lamm imposes any requirement of a “bad faith” misrepresentation upon the terms of § 627.-01081, Fla.Stat., F.S.A., supra. We are of the opinion that American Bankers Life Insurance Co. v. Toth, supra, is likewise inapposite, but for different reasons. The language of the Toth opinion indicates that the court there felt that the insurance company had waived strict compliance with the portions of the application which were so technical in nature that the applicant could not have understood their purpose. In contrast, the record here before us shows that the portion of the application which asks simply
“Have you now any illness, disease, or disorder ?”
was sent back to Dr. Wolk in order that he might correct the omission. It does not appear to us that this act on the part of the insurance company would constitute a waiver, nor does it appear that this portion of the application is so technical in nature as to make understanding impossible. Add to this the above mentioned fact that the record contains uncontradicted testimony that the policy would not have been issued had the insurer known of Dr. Wolk’s physical condition, and we reach the conclusion that the second portion of appellee’s defense has merit.
Having reviewed the evidence contained in the record on appeal, we further conclude that the appellee has precluded any theory upon which appellant could recover. Therefore, the action of the trial judge in directing a verdict for the appellee was proper under the test set out in Paikin v. Beach Cabs, Inc. supra. Accordingly, we affirm.
Affirmed.