CHARLES CARROLL, Judge.
By an amended complaint filed by the appellant Carner Bank of Miami Beach against Alfred L. Block (Block Insurance Agency) and Financial Life Insurance Company, it was alleged that Harry Javits had purchased two automobiles from Pershing Auto Leasing Corporation, incident to which he had executed two installment loan agreements for payment of balances owing on such purchases; that the plaintiff had become the holder of such deferred payment contracts, and that payment thereof had been secured by a life insurance policy (“Credit Life Insurance”) obtained by Javits, as required by the plaintiff bank; that the full amount of the premiums for such life insurance were paid to and accepted by Block Insurance Agency in the amount of $101.91, and that said premiums had been forwarded to Block’s principal, the defendant Financial Life Insurance Company; that on or about ten days after such insurance was obtained Harry Javits died from “a sudden cardiac arrest;” that the agent Block had informed the plaintiff bank that the insurer was the defendant insurance company, and that the latter would handle the claim directly; that thereafter the company, through its said agent, refused payment. A prayer for damages and attorney fees was included. Attached to the complaint were copies of the automobile purchase contracts for the deferred payments, and the cancelled checks covering the payment of insurance premiums.
The defendants answered and presented four affirmative defenses, which were (1) that the complaint made no showing that an application for insurance had been made by Javits, (2) that the plaintiff bank, rather than the defendant insurance company, was the insurer, because the bank (initially) had received the premium payments which were made, (3) that the insured had not been eligible for the insurance because he was not able to engage in employment for wage or profit due to illness requiring further medical services, and (4) that the alleged insurance contract was within the statute of frauds. To the answer there was attached a specimen form of the application for such insurance. It was entitled, “Application for franchise credit life and individual credit accident and sickness insurance”, with the further designation: “Creditor-debtor insurance only.” The information which the form made provision for receiving from the applicant was limited to names and addresses of the applicant and the creditor, the effective date for the insurance, the age of the applicant, the amount and term of the indebtedness, and the signature of the applicant. There was no questioning of the applicant *284 as to his health status, and no examination of the applicant was required.
On trial of the cause judgment was entered for the defendants. We find error and reverse. The evidence sufficiently discloses that in connection with the seller’s assignment of the deferred payment contracts to the plaintiff ' bank, the above mentioned credit life insurance was applied for through the defendant insurance agent, the full premiums therefor were paid, and assurance was given by the agent that the applied for insurance was granted and effective.
A determinative question in the case was whether illness of the applicant at the time of the application, if such was the fact, would furnish a defense in law to the insurer, in view of the manner or application upon which the insurance had been applied for and granted.
This insurance was for the purpose of securing the deferred payment contracts. Its duration was limited to that of the indebtednesses, and the amounts of the policies were to be automatically reduced as the indebtednesses were reduced by payments made on those contracts. The evidence disclosed that Javits had suffered a heart attack some months previously, from which he appeared to have recovered at the time the cars were purchased, and that his death, which came shortly after the car purchases and issuance of the insurance was the result of a separate and second heart attack.
The reliance of the appellee on Gulf Life Insurance Company v. Green, Fla. 1955, 80 So.2d 321, is misplaced. There the application for insurance called for answers by the applicant as to physical condition, etc., and it was held that the company was not estopped to insist on a sound health clause where its agent had filled out the application in those respects rather than to ask the applicant about them. The application for the insurance in the instant case did not purport to concern itself with the condition of health of the applicant. Based on such application, the insurance company received the premiums, and, through its agent, the effectiveness of the insurance was announced. In this situation the defense offered, of ill health of the insured at the time of the making of the application, was no bar to recovery.
Judgment is reversed and the cause remanded to the trial court with direction to enter judgment in favor of the plaintiff against the defendant Financial Life Insurance Company.
Reversed and remanded with direction.