PER CURIAM.
The plaintiff below, Maurice S. Barakat, appeals from an order awarding attorney’s fees in favor of the defendants. We affirm, in part, and reverse and remand, in part.
We find that the defendants did not waive their right to have the circuit court decide the issue of attorney’s fees and therefore, did not confer subject matter jurisdiction upon the arbitrator to award attorney’s fees. Turnberry Assocs. v. Service Station Aid, Inc., 651 So.2d 1173 (Fla.1995). Therefore, we conclude that the trial court had the proper authority to award attorney’s fees.
However, we reverse the portion of the order that calculates the actual award of attorney’s fees. The judgment is completely devoid of the necessary findings that a trial court is required to make to support the application of a contingency risk multiplier. See Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985), modified, Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828 (Fla.1990); Department of Agric. and Consumer Servs. v. Schick, 553 So.2d 361 (Fla. 1st DCA 1989). Therefore, we remand for the trial court to reconsider the applicability of the contingency risk multiplier. Moreover, upon remand, we instruct the trial court that when determining the number of hours reasonably spent by the defendants’ attorney, the trial court should not include any time spent in defending the quantum meruit count since that count does not arise out of the contract that allows for the award of attorney’s fees. Vining v. Carmona, 596 So.2d 154 (Fla. 3d DCA 1992).
Affirmed, in part; reversed and remanded, in part.