674 So.2d 174 (1996)
Jerald A. ANDERSON, Appellant,
v.
ARMOR INSURANCE COMPANY, Appellee.
No. 95-03362.
District Court of Appeal of Florida, Second District.
May 17, 1996.
*175 William Rutger, Clearwater, for Appellant.
M. Diane Vogt and Kell C. Williams, III, of McClain & Associates, P.A., Tampa, for Appellee.
PER CURIAM.
Jerald A. Anderson appeals a final summary judgment entered in favor of Armor Insurance Company in an action for Personal Injury Protection (PIP) benefits. We reverse, concluding that material issues of fact remain in dispute.
Anderson sought coverage under an Armor automobile liability insurance policy issued to Mary Styles, his sister, claiming that he was a resident of Styles's household at the time he was injured driving the automobile of the mother of Styles and Anderson. Armor pleaded an affirmative defense that "the application for insurance misrepresented the residency of persons now claiming coverage and hence no coverage exists." Anderson filed a reply which stated: "If there was any misrepresentation at all in the application, it was due to the agent's error in misinterpreting the information requested by the application and recording this inaccurate information."
The insurance company filed a motion for summary judgment. The insurance company filed the affidavit of its representative, Rick Wyatt, which attached the insurance application which did not list Anderson as a member of the household. The insurance company also filed an affidavit stating that Anderson had three major driving convictions and that Armor in all likelihood would not have issued Styles a policy with the inclusion of Anderson as a member of the household or, if it had, the premium would have been an additional $650.
There is no dispute that Styles did not list Anderson as a resident of her household at the time she submitted the insurance application. In her deposition testimony Styles stated that the agent helping her with the application read her the application form and recorded all of her answers. Styles stated that the agent helping her with the completion of the application told her to "[p]ut the people name[s] down who would be driving your car. That's how I understood it. I didn't know at the time that she wanted everybody in my household name listed. That's why I didn't do it, sir." Styles listed herself and her boyfriend and each of their vehicles on the application. There was no affidavit or deposition testimony from the agent who aided Styles in completing the application.
The insured's alleged misrepresentations normally constitute a disputed issue of fact for the trier of fact's resolution regardless of how obviously false or material the representations may be. Beneby v. Midland Nat'l Life Ins. Co., 402 So.2d 1193 (Fla. 3d DCA 1981). When the evidence is not conclusive, the following constitute matters of fact for the jury's determination: "the extent of the questions asked by the insurance agent, the accuracy of the answers given by the insured, and the insured's misrepresentations." Patterson v. Cincinnati Ins. Co., 564 So.2d 1149, 1151 (Fla. 1st DCA 1990). Although Anderson may not prevail on his claim before a jury, which will review the insurance application and explanations of *176 Styles and the employees of Armor, we conclude that the trial court erred in entering a summary judgment in favor of Armor because there remain disputed questions of fact.
Reversed and remanded.
FRANK, A.C.J., and PARKER and QUINCE, JJ., concur.