752 So.2d 621 (1999)
Margaret C. GRIFFIN, as Personal Representative of the Estate of Daniel V. Griffin, and Margaret Griffin, individually, Appellant,
v.
AMERICAN GENERAL LIFE AND ACCIDENT INSURANCE COMPANY, Appellee.
No. 98-03453.
District Court of Appeal of Florida, Second District.
November 10, 1999.
Rehearing Denied March 2, 2000.
*622 John D. Russell and Bonita Kneeland Brown of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for Appellant.
Charles W. Pittman, Tampa, for Appellee.
NORTHCUTT, Judge.
Margaret Griffin sued American General Life and Accident Insurance Company for breach of contract based on the company's refusal to pay benefits under a life insurance policy issued to her deceased son, Daniel Griffin. American General answered the complaint and asserted the affirmative defenses that the complaint failed to state a cause of action and that the contract was procured by misrepresentations. American General also filed a counterclaim for rescission based on misrepresentation in the application for insurance. Ms. Griffin answered the counterclaim and raised the defense that the application was forged and that any misrepresentation was attributable to American General's agent or some other unknown person. Thereafter, American General moved for summary judgment, and the circuit court entered judgment in its favor. We reverse.
There really is no doubt that Daniel Griffin's health was not correctly represented on the application for life insurance. The major thrust of American General's motion for summary judgment and supporting memorandum of law was that the material misrepresentations in the application prevented recovery under the policy. In response, Ms. Griffin contended that American General's agent made the misrepresentations and that the insurer was bound by the representations of its own agent.
In its order granting summary judgment, the circuit court presumed that American General's agent completed the portions of the application that contained the misrepresentations without any assistance from Daniel or Ms. Griffin and that the agent forged Daniel's signature on the application. The order reviewed a number of cases holding that the misrepresentations of an insurance agent bind the insurer. The court ruled, however, that the misrepresentation issue was mooted by a provision in the application that stated:
I, the Primary Proposed Insured ..., by my signature set forth hereafter:
AGREE to the following:
(b) Except as stated in the Conditional Receipt, no insurance will take effect unless the first full premium is paid and a policy is delivered while the health of any proposed insured continues, without material change, to be as represented in the application.
The court found, as a matter of law, that this provision was a condition precedent to the policy's becoming effective, and that the policy did not issue because "the health of the insured did not meet the condition precedent."
Ms. Griffin moved for rehearing, arguing that the clause was not applicable to the facts of the case. In its order denying rehearing, the circuit court asserted an *623 additional basis for the summary judgment. It again assumed that the agent or someone else had committed fraud by completing the insurance application with incorrect information. It then noted that one measure of damages for fraud was the pecuniary loss suffered as a result of reliance on the fraud. It ruled that the measure of Ms. Griffin's damages would not be the proceeds under the policy because Daniel Griffin was not insurable. Her damages would only be return of the premiums paid, and the court had already instructed American General to rebate the premiums. Additionally, the court reiterated its reliance on the previously-quoted application provision and confirmed the summary judgment.
Neither of the court's stated reasons supports a summary judgment in this case. As to the provision in the application, Florida cases have indeed treated this type of "continued insurability" clause as a condition precedent that must be satisfied before the policy becomes effective. See Gulf Life Ins. Co. v. Green, 80 So.2d 321, 322 (Fla.1955) (holding that "[b]ecause it is undisputed that the insured was not in sound health at the time of delivery of the policy, its terms did not become effective."); see also Independent Life & Acc. Ins. Co. of Fla. v. Roddam, 81 So.2d 221, 222 (Fla.1955). Generally, however, this provision comes into play to protect the insurer when the insured's health has been correctly represented in the application but some change in his health occurs before the policy is delivered. See 1 Lee R. Russ and Thomas F. Segalla, Couch on Insurance 3d § 15.1 (1997); Life Ins. Co. of North America v. Cichowlas, 659 So.2d 1333 (Fla. 4th DCA 1995).
Gulf Life did apply a similar clause to a case such as this one, in which the application for life insurance contained misrepresentations. But when Gulf Life was decided, the Florida statutes regulating life insurance did not contain a section addressing misrepresentation in the application. See ch. 626, Fla. Stat. (1955). In 1959, the legislature enacted a new, comprehensive insurance code, including a provision in the section on insurance contracts addressing avoidance of coverage for misrepresentation in an insurance application. See ch. 59-203, § 458, at 645-646, Laws of Fla.; § 627.01081, Fla. Stat. (1959). We conclude that the statute regulating misrepresentation, now at section 627.409, supplanted prior case law applying "continued insurability" clauses to misrepresentation cases.
Section 627.409, Florida Statutes (1993), permits an insurer to avoid coverage if an application contains a "misrepresentation, omission, concealment, or statement [that] is fraudulent or is material either to the acceptance of the risk or to the hazard assumed by the insurer." An insurer seeking to rescind or avoid coverage under the statute bears the burden to plead and prove the misrepresentation, its materiality, and the insurer's detrimental reliance. See Douglas v. Mutual Life Ins. Co. of New York, 191 So.2d 483 (Fla. 2d DCA 1966). In contrast, the party seeking to enforce a contract has the burden to prove the satisfaction of a condition precedent to the contract's existence. See Sheriff of Orange County v. Boultbee, 595 So.2d 985 (Fla. 5th DCA 1992); Fidelity & Cas. Co. of New York v. Tiedtke, 207 So.2d 40 (Fla. 4th DCA 1968), quashed on other grounds, 222 So.2d 206 (Fla.1969). Thus, if the clause at issue here were controlling, an insurer seeking to avoid coverage for misrepresentations in the application could dodge its statutory burden simply by pleading a specific denial of the condition precedent contained in the application's continued insurability clause. This would shift to the claimant the burden of disproving matters that the insurer otherwise would be obliged to prove under the statute.[1]
*624 The Florida Supreme Court recently addressed the tension between provisions in insurance contracts and the insurance statutes. See Green v. Life & Health of America, 704 So.2d 1386 (Fla. 1998). The Green court noted that "parties are free to `contract-out' or `contract around' state or federal law with regard to an insurance contract, so long as there is nothing void as to public policy or statutory law about such a contract." Id. at 1390 (internal citations omitted). Parties are not free to create insurance contracts that conflict with state law. See Green, 704 So.2d at 1391 (citing Couch, § 17:2). Section 627.409 governs misrepresentation in the application. Therefore, we hold that when the insurer contends that the insured's health was misrepresented in the application, it must meet the statutory tests to avoid coverage. See Briggs v. United Services Life Ins. Co., 80 S.D. 26, 117 N.W.2d 804, 807 (S.D.1962) (and cases cited therein). The Florida insurance code does not address the situation where the insured's health materially worsens between the time of the application and the delivery of the policy, so the parties may speak to that contingency in their contract. See Green. In those circumstances, a "continuing insurability" clause in the application may be construed as a condition precedent to coverage. Cf. Mathews v. Metropolitan Life Ins. Co., 89 So.2d 641 (Fla.1956).[2]
When this case is analyzed under section 627.409, numerous fact issues remain that preclude summary judgment. The first, of course, is whether the misrepresentations in the application were fraudulent or material to the risk or the hazard assumed. See § 627.409(1)(a); Anderson v. Armor Ins. Co., 674 So.2d 174, 175 (Fla. 2d DCA 1996) (noting that "[t]he insured's representations normally constitute a disputed issue of fact for the trier of fact's resolution regardless of how obviously false or material the representations may be."). A second issue is whether the misrepresentations were made by the insured or by the agent. Third, if the agent is responsible for the incorrect information, can the misrepresentations be imputed to American General? See Gonzalez v. Great Oaks Cas. Ins. Co., 574 So.2d 1182 (Fla. 3d DCA 1991). These, and probably other issues of fact, remain for the trier of fact to decide.
We also reject the circuit court's second basis for granting summary judgment, having to do with the damages available for fraud. This is not a tort action; it is a suit based on a contract. The issue of "fraud" appeared in the pleadings because section 627.409 permits rescission based on fraudulent misrepresentation. Thus, in its counterclaim, American General asserted that Daniel Griffin's misrepresentations in the application were fraudulent. This did not transform a contract action into an *625 action for fraud. If Ms. Griffin is successful, the measure of her damages will be the amounts owed under the policy.
We reverse the summary judgment entered in favor of American General and remand for further proceedings.
WHATLEY, A.C.J., and DAVIS, J., Concur.
NOTES
[1] Florida Rule of Civil Procedure 1.120(c) permits the satisfaction of a condition precedent to be pleaded generally, and provides that a denial of such must be made "specifically and with particularity." Assuming the defendant has made a specific denial, the burden reverts to the plaintiff to prove the satisfaction of the condition precedent. See Sheriff of Orange County v. Boultbee, 595 So.2d 985 (Fla. 5th DCA 1992); Fidelity & Cas. Co. of New York v. Tiedtke, 207 So.2d 40 (Fla. 4th DCA 1968), quashed on other grounds, 222 So.2d 206 (Fla.1969). If satisfaction of the condition precedent is not denied with specificity, it is waived. See Cooke v. Insurance Co. of North America, 652 So.2d 1154 (Fla. 2d DCA 1995). Here, American General did not deny Griffin's general allegation that all conditions precedent had been satisfied, nor did it argue such in either its motion for summary judgment or memorandum of law. We have not been provided a transcript of the hearing on the motion for summary judgment, so we do not know why the circuit court granted judgment on a basis that apparently had been waived.
[2] Our reasoning is bolstered by Wolk v. Lamar Life Insurance Co., 202 So.2d 617 (Fla. 3d DCA 1967). This is the only Florida case the parties referenced, and our independent research revealed, that considered both an "insurability" clause in the application and the misrepresentation statute. That case appears to hold in favor of the insurer based on the statute alone. See 202 So.2d at 620 (stating "we reach the conclusion that the second portion of the appellee's defense [misrepresentation under the predecessor statute to section 627.409] has merit.").