887 So.2d 368 (2004)
AON RISK SERVICES, INC., et al., Appellants,
v.
QUINTEC, S.A., etc., Appellees.
Nos. 3D02-2123, 3D03-97.
District Court of Appeal of Florida, Third District.
September 22, 2004.
*369 Butler Burnett Pappas Weihmuller Katz Craig and Scott J. Frank, Miami; Winston & Strawn and Lawrence R. Desideri and Raymond W. Mitchell, for appellants.
Covington & Burling and Roy M. Bartlett; Jeffrey B. Crockett, Miami and Jorden Burt; Holland & Knight and Daniel S. Pearson and Ilene L. Pabian Lenore C. Smith, Miami, for appellee.
Before SCHWARTZ, CJ., LEVY and GODERICH JJ.
LEVY, Judge.
AON Risk Services, Inc., et. al, (collectively AON) appeal from a trial court Order entering Final Summary Judgment on Quintec, S.A.'s ("Quintec") statutory and breach of contract claims. Quintec cross-appeals from the parts of the judgment that deny recovery on Quintec's negligence claim and limit Quintec's prejudgment interest. We reverse.
This case involves a commercial dispute between an exporting company, Quintec, and a trade credit insurance broker, AON. Quintec, until late 1997,[1] owned Computek Enterprises USA, Inc. ("Computek"), which sold personal computers and related products for export to Latin America. In 1996, Computek decided to obtain trade credit insurance for protection against customer defaults. Computek retained AON as its credit insurance broker, and AON placed Computek with Trade Indemnity PLC, a London-based insurer, who, as it turns out, was not authorized to offer, sell, or place insurance in Florida.
In late 1997, some of Computek's customers became delinquent in their Computek accounts; and in early 1998, Computek submitted claims to AON under the Trade Indemnity policy for its unpaid losses for Byte On, Alvimer, and United Information Systems.[2] AON reviewed the claims and sent them to Trade Indemnity for processing. Trade Indemnity subsequently denied the claims, citing Computek's failure to strictly comply with the terms of the insurance contract.
Quintec filed a three-count Complaint against AON pursuant to Florida's Unauthorized Insurer Act, section 626.901, Florida Statutes, which prohibits assisting an unauthorized insurer from doing business in Florida (Count I); for broker negligence and malfeasance in representing that Trade Indemnity was authorized to do business in Florida, failing to select an insurer that could do business in Florida, *370 and negligently preparing and submitting Computek's claims under the policy (Count II); and for breach of contract (Count III).
Quintec moved for Summary Judgment on the statutory claim, arguing that because Trade Indemnity was not authorized to do business in Florida, and because AON acted as Computek's broker in the unauthorized insurance transaction, AON was liable for Computek's losses without regard to technical coverage defenses. The trial court granted Summary Judgment and entered final judgment in the amount of $2,932,105.00. The parties subsequently moved for Final Summary Judgment on the negligence claim (Count II) and the breach of contract claim (Count III). The trial court granted Summary Judgment in favor of Quintec on the breach of contract claim (Count III), and entered Final Summary Judgment in favor of AON on the negligence theory (Count II), citing the economic loss rule. AON appeals from the Order granting Summary Judgment in favor of Quintec on the statutory and breach of contract claims. Quintec cross-appeals from the parts of the Order which deny Quintec's recovery on its negligence claim based on the application of the economic loss rule, and which calculate prejudgment interest from July 31, 2000, instead of from February of 1998.
We reverse the damages portion of the Final Summary Judgment; We find that the portion of the Order finding AON liable to Quintec on the statutory claim is correct but remand with directions that the trial court review Computek's claims against the policy of insurance and award damages, if any, accordingly.
The trial court in the instant case essentially interpreted the statute for two purposes. First, to determine its application; and secondly, to figure damages. With respect to the statute's application, the trial court found that if an insurer is unauthorized to do business in Florida, anyone assisting in procuring the insurance, including the broker, in the instant case AON, comes within the reach of the statute. With respect to damages, the trial court found that subsection (2) makes the broker "liable to the insured for the full amount of the claim or loss not paid," and, accordingly, found the broker, in this case AON, was liable to the insurer for all claimed damages, without any regard to the policy terms and coverages.
With respect to whether the statute applies to AON, Section 626.901(1), Florida Statutes, specifically provides that
No person shall, from offices or by personnel or facilities located in this state, or in any other state or country, directly or indirectly act as agent for, or otherwise represent or aid on behalf of another, any insurer not then authorized to transact such insurance in this state in: [among other things,] (a) [t]he solicitation, negotiation, procurement, or effectuation of insurance ...; (b)[t]he dissemination of information as to coverage or rates; (c) [t]he forwarding of applications; (d) [t]he delivery of policies or contracts; (e) [t]he inspection of risks; ... (h) [t]he collection or forwarding of premiums[.] ...
§ 626.901(1), Fla. Stat. (2002). In the instant case, it is undisputed that AON undertook to find trade credit insurance for Computek, which was owned by Quintec at the time; it is undisputed that AON placed Computek with Trade Indemnity; it is undisputed that AON collected premiums and accepted Computek's claim forms and forwarded them to Trade Indemnity. Additionally, it is undisputed that Trade Indemnity is not authorized to write business in Florida. Thus, section 626.901 clearly governs the instant matter, and AON is liable to Quintec.
With respect to the damages portion of the statute, subsections (2) and (3), provide:

*371 (2) If an unauthorized insurer fails to pay in full or in part any claim or loss within the provisions of any insurance contract which is entered into in violation of this section, any person who knew or reasonably should have known that such contract was entered into in violation of this section and who solicited, negotiated, took application for, or effectuated such insurance contract is liable to the insured for the full amount of the claim or loss not paid.

(3) No insurance contract entered into in violation of this section shall be deemed to have been rendered invalid thereby.
§ 626.901, Fla. Stat. (2002) (emphasis added).
Quintec argued, and the court agreed, that subsection (2) provides for the payment of the insured's "full amount of the claim or loss," without consideration or review of the policy and/or the insurer's reasons for denial of the claim. AON, on the other hand, argues that subsection (2) places liability upon the broker/agent only for claims or losses for which the insurer would have been responsible to pay. In sum, AON argues that to confer liability upon the broker/agent, the trial court must look at the insured's claims and determine which, if any of them, would have been covered under the policy. We agree with AON.
The plain meaning of the statutory language is the first consideration when construing a statute. This rule requires a straightfoward consideration of each relevant sentence of the statute. Hechtman v. Nations Title Ins. of New York, 840 So.2d 993, 996 (Fla.2003); Hawkins v. Ford Motor Co., 748 So.2d 993, 1000 (Fla.1999); Jackson County Hosp. Corp. v. Aldrich, 835 So.2d 318, 328-29 (Fla. 1st DCA 2002). The "plain and ordinary meaning" of the phrase, "the full amount of the claim or loss not paid," read together with the first sentence of the statute, which specifically refers to coverage under the provisions of the insurance contract  "If an unauthorized insurer fails to pay in full or in part any claim or loss within the provisions of any insurance contract"  the only fair reading of the statute is that the broker/agent's liability is limited to coverage "within the provisions of the insurance contract." § 626.901(2), Fla. Stat. (2002).
Moreover, the inclusion of subsection (3) suggests that the insurance contract is still the starting point for determining the broker/agent's liability under subsection (2). Specifically, subsection (3) provides: "No insurance contract entered into in violation of this section shall be deemed to have been rendered invalid thereby." The only purpose this subsection could have is to set the measure of damages under section 626.901, i.e., to a review of the policy in relation to the insured's claim.
Giving the statute's language its clear and ordinary meaning, it is clear that section 626.901, Florida Statutes, requires consideration of the claim or loss against the policy. Accordingly, the Order granting Summary Judgment is reversed. With respect to the statutory claim, however, we find that the trial court properly found that AON is liable to Quintec under Florida's Unauthorized Insurer Act, Section 626.901, Florida Statutes, but reverse on the ground that the court must determine whether Computek's claims were covered under the policy of insurance.
In case number 3D03-97, AON appeals from the trial court's Order awarding fees and costs to Quintec. In light of our holding in case number 3D02-2123, remanding the matter for consideration of which claims, if any, would have been covered *372 under the policy, we reverse the fees Order without prejudice to renew the motion after the trial court rules on the remanded issue.
Reversed and remanded.
GODERICH, J., concurs.
SCHWARTZ, Chief Judge (dissenting in part).
I entirely agree with the Court's conclusion that Quintec's recovery is limited to its entitlement under the pertinent insurance policies. As to the vast bulk of the claims, however, I see no reason for a remand to the trial court. Except for a portion of the so-called Alvimer claim which amounts to $166,435.00, I believe that the defendant has demonstrated on the cross-appeal that it is entitled to summary judgment because it appears without genuine issue that as a matter of law (a) there is no coverage; (b) policy defenses apply; or (c) both. Accordingly, I would require further trial proceedings only as to the $166,435.00 item and enter judgment for the broker as to the remaining amounts in controversy.
NOTES
[1] Quintec sold Computek to Ingram Micro in November of 1997. Ingram subsequently sought indemnity from Quintec for the losses on the Byte On, Alvimer, and UIS accounts under the warranty provisions of the Quintec/Ingram sales agreement. The matter was referred to an arbitrator who ordered Quintec to indemnify Ingram for Computek's losses under these accounts. Quintec paid for the losses in late July or early August of 2000, and Ingram assigned Computek's claims against AON and Trade Indemnity to Quintec.
[2] Computek submitted several claims under the policy but only the Byte On, Alvimer, and United Information claims are at issue on appeal.