981 So.2d 475 (2008)
AON TRADE CREDIT, INC., Appellant/Cross-appellee,
v.
QUINTEC, S.A., a Chilean Corporation, Appellee/Cross-appellant.
No. 3D06-2729.
District Court of Appeal of Florida, Third District.
February 13, 2008.
Rehearing and Rehearing Denied June 5, 2008.
*476 Butler Pappas Weihmuller Katz Craig and Scott J. Frank, Tampa; Winston & Strawn and Timothy J. Rooney and Raymond W. Mitchell, Chicago, for appellant/cross-appellee.
Coffey Burlington and Jeffrey B. Crockett; Covington & Burling and Jarrett A. Williams, Washington, DC; Covington & Burling and Roy M. Barlett, San Francisco, for appellee/cross-appellant.
Before WELLS, ROTHENBERG, and SALTER, JJ.
Rehearing and Rehearing En Banc Denied June 5, 2008.
WELLS, J.
As explained in AON Risk Services, Inc. v. Quintec, S.A., 887 So.2d 368, 369-71 (Fla. 3d DCA 2004) (AON I), this case involves a commercial dispute between an exporting company, Quintec, S.A. ("Quintec"), and a trade credit insurance broker, AON Risk Services, Inc., ("AON"). Until late 1997, Quintec owned Computek Enterprises USA, Inc. ("Computek"), which sold personal computers and related products for export to Latin America.[1] In 1996, Computek decided to obtain trade credit insurance for protection against customer defaults. Computek retained AON as its credit insurance broker, and AON placed Computek with Trade Indemnity PLC, a London-based insurer, who, as it turns out, was not authorized to offer, sell, or place insurance in Florida.
In late 1997, some of Computek's customers became delinquent in their payments. In early 1998, Computek submitted claims to AON under the Trade Indemnity policy for its unpaid losses from Byte On, Alvimer, and United Information Systems, three of Computek's customers. AON reviewed the claims and sent them on to Trade Indemnity for processing. Trade Indemnity subsequently denied the claims, citing Computek's failure to strictly comply with the terms of the insurance contract. Quintec thereafter filed a three-count complaint against AON pursuant to Florida's Unauthorized Insurer Act, section 626.901, Florida Statutes (2002), which prohibits assisting an unauthorized insurer from doing business in Florida (Count I); for broker negligence and malfeasance in representing that Trade Indemnity was authorized to do business in *477 Florida, failing to select an insurer that could do business in Florida, and negligently preparing and submitting Computek's claims under the policy (Count II); and for breach of contract (Count III).
Quintec moved for summary judgment on the statutory claim, arguing that because Trade Indemnity was not authorized to do business in Florida, and because AON acted as Computek's broker in the unauthorized insurance transaction, AON was liable for Computek's losses without regard to technical coverage defenses. The trial court adopted Quintec's position, granted summary judgment, and entered final judgment in the amount of $2,932,105. The parties subsequently moved for final summary judgment on the negligence claim (Count II) and the breach of contract claim (Count III). The trial court granted summary judgment in favor of Quintec on the breach of contract claim (Count III), and entered summary judgment in AON's favor on Quintec's negligence theory (Count II), citing the economic loss rule.
In AON I, AON appealed from the order granting summary judgment in favor of Quintec on the statutory and breach of contract claims, and Quintec cross-appealed the part of the court's order which denied recovery on its negligence claim, as well as the court's calculation of prejudgment interest. We reversed in part, concluding:
We reverse the damages portion of the Final Summary Judgment; We find that the portion of the Order finding AON liable to Quintec on the statutory claim is correct but remand with directions that the trial court review Computek's claims against the policy of insurance and award damages, if any, accordingly.
. . . .
[T]he only fair reading of the statute is that the broker/agent's liability is limited to coverage "within the provisions of the insurance contract."
. . . .
[W]e find that the trial court properly found that AON is liable to Quintec under Florida's Unauthorized Insurer Act, Section 626.901, Florida Statutes, but reverse on the ground that the court must determine whether Computek's claims were covered under the policy of insurance.
AON I, 887 So.2d at 370-71 (emphasis added).
Thus, the case was remanded for a determination of coverage so that AON's liability, if any, under section 626.901, could be established. On remand, AON filed a motion for summary judgment maintaining that as a matter of law there was no coverage for the claims at issue, but the trial court denied that motion. Quintec moved to specify issues for trial. Notwithstanding the clear limitation of our instruction in AON I, for "the court [to] determine whether Computek's claims were covered under the policy of insurance," Quintec argued that this Court's remand reopened all issues for trial and that it should be permitted to present a negligence theory to the jury predicated on AON's supposed breach of its duties as an insurance broker. After a five day trial, a jury returned a verdict in Quintec's favor. The trial court set aside the jury's verdict with regard to Quintec's Alvimer claim, but entered a $3,428,786.20 judgment against AON on Quintec's Byte On and UIS claims.
AON appeals the trial court's order awarding damages in Quintec's favor. Quintec cross-appeals the judgment notwithstanding the verdict issued as to its Alvimer claim, the trial court's refusal to permit Quintec to proceed on its negligence claim, as well as certain other evidentiary rulings made below.
*478 As to the question on direct appeal, we agree with AON that, as a matter of law, there was no coverage for the claims at issue. AON was entitled to judgment as a matter of law.[2] The claims were not covered under the policy. See Fireman's Fund Ins. Co. v. Levine & Partners, P.A., 848 So.2d 1186, 1187 (Fla. 3d DCA 2003) (finding that "an insurance policy must be enforced in accordance with its unambiguous terms"). Coverage determinations are legal questions decided by the court, not a jury. See State Farm Fire & Cas. Co. v. Castillo, 829 So.2d 242, 247 (Fla. 3d DCA 2002) ("it is the policy's terms which define the coverage, not the insured's reasonable expectations"); Allstate Ins. Co. v. Gordon, 364 So.2d 44, 46 (Fla. 3d DCA 1978) ("The language of the policy is clear and unambiguous, and it was the duty of the court to apply it to the facts presented.").
Here, the policy's core provision allowed Computek to extend forty-five days of "open credit" to approved buyers in specific countries. The policy extended only to "insured debts," defined as debts incurred by approved buyers that did "not exceed the PERMITTED LIMIT for that INSURED BUYER." The policy required Computek to notify Trade Indemnity immediately if Computek "had reason to believe that an INSURED BUYER is unable or is likely to be unable" to pay. Also, the Policy required Computek to notify Trade Indemnity within thirty days if an insured buyer failed to pay a debt on its due date. Computek's duties to notify and to consult with Trade Indemnity to avoid losses were expressly made conditions precedent to Trade Indemnity's liability in the policy.
Notwithstanding that the policy expressly covered transactions with insured buyers conducted on a forty-five day term, on both the Byte On and UIS accounts, Computek extended sixty days of credit. By extending credit beyond the forty-five day term, Computek took a risk of non-coverage. Moreover, Computek failed to comply with its express obligation to timely notify Trade Indemnity of an insured buyer's failure to pay. There is no evidence of timely notice, and the policy makes that notification a condition precedent to indemnification. See Griffin v. Am. Gen. Life & Accident Ins. Co., 752 So.2d 621, 623 (Fla. 2d DCA 1999) ("[T]he party seeking to enforce a contract has the burden to prove the satisfaction of a condition precedent to the contract's existence.").
Also, as AON argues, the instructions to the jury permitted the jury to disregard the express provisions of the policy and return a verdict against AON based on the insurer's or broker's conduct. The Florida Supreme Court has specifically rejected the argument that the doctrines of waiver and estoppel can be applied to alter coverage terms:
For many years the law in Florida has been "well established that the doctrine of waiver and estoppel based upon the conduct or the action of the insurer (or an agent) is not applicable to matters of coverage as distinguished from grounds for forfeiture." Six L's Packing Co., Inc. v. Florida Farm Bureau Mut. Ins. Co., 268 So.2d 560, 563 (Fla. 4th DCA 1972) (citations omitted), decision adopted by, 276 So.2d 37 (Fla.1973). That is, "while an insurer may be estopped by its conduct from seeking a forfeiture of a policy, the insurer's coverage or restrictions on the coverage cannot be extended by the doctrine of waiver and estoppel." Id.

*479 Doe on Behalf of Doe v. Allstate Ins. Co., 653 So.2d 371, 373 (Fla.1995).
As to the matters raised in the cross-appeal, we find them to be without merit. Our remand was clearly limited to a determination of coverage under section 626.901. Quintec's argument that it could proceed anew with its previously appealed negligence claim is simply wrong. See Peterson v. Peterson, 882 So.2d 528, 530 (Fla. 4th DCA 2004) (citing Akins v. Akins, 839 So.2d 910 (Fla. 5th DCA 2003), for the proposition that a trial court may not deviate from the terms of an appellate court's instructions); Hill v. Palm Beach Polo, Inc., 805 So.2d 1014, 1016 (Fla. 4th DCA 2001) ("On remand the trial court lacks the power to deviate from the terms of an appellate court's instructions.").
Finally, we note that Quintec's attempt to avoid the policy's express provisions based on an eleventh-hour argument that it did not receive a copy of the policy, is in direct contradiction to its own statements to this Court. Williams v. Kloeppel, 537 So.2d 1033, 1037 (Fla. 1st DCA 1988) ("The principle is well settled "that litigants are not permitted to take inconsistent positions in judicial proceedings." Federated Mutual Implement & Hardware Insurance Co. v. Griffin, 237 So.2d 38, 41 (Fla. 1st DCA), cert. denied, 240 So.2d 641 (Fla.1970).").
In sum, AON's liability was limited to coverage within the provisions of Quintec's insurance contract with Trade Indemnity. Quintec could not avoid the express terms of its contract, nor could it relitigate matters already ruled on by this Court. Accordingly, the judgment in Quintec's favor is reversed, and the balance of the order under review is affirmed.
NOTES
[1] According to AON I, 887 So.2d at 369 n. 1:

Quintec sold Computek to Ingram Micro in November of 1997. Ingram subsequently sought indemnity from Quintec for the losses on the Byte On, Alvimer, and UIS accounts under the warranty provisions of the Quintec/Ingram sales agreement. The matter was referred to an arbitrator who ordered Quintec to indemnify Ingram for Computek's losses under these accounts. Quintec paid for the losses in late July or early August of 2000, and Ingram assigned Computek's claims against AON and Trade Indemnity to Quintec.
[2] We note that the conclusion of our learned colleague Judge Schwartz in AON I, 887 So.2d at 372 (Schwartz, J., dissenting in part), supports this resolution.